SMITH v. WEAVER, ADMINISTRATRIX.

[No. 10,085.   Filed October 17, 1919.   Rehearing denied May 27, 1920.]

NEGLIGENCE.—*Automobile Kept by Wife for Family Use.—Use by Husband.—Liability.*—The purchase and keeping by a wife of an automobile for the use and pleasure of the family and of its various members, do not render her liable to one injured by the negligent use of the machine by her husband in his own business or for his own exclusive pleasure.

From Marion Superior Court (99,478) ; *Theophilus J. Moll*, Judge.

Action by Anna F. Weaver, administratrix of the estate of Ella J. Weaver, deceased, against Ella B. Smith and another.   From a judgment for the plaintiff, the named defendant appeals.   *Reversed.*

*Asa Boulden* and *Ryan, Ruckelshaus & Ryan*, for appellant.

*John W. Becker, Carl H. Weyl* and *John F. Robbins*, for appellee.

ENLOE, J.—This was an action by appellee, as administratrix of the estate of Ella J. Weaver, against the ap-

pellant and her husband, Harry P. Smith, to recover damages occasioned by the death of said Ella J. Weaver, who was, while crossing Meridian street, in the city of Indianapolis, struck by the automobile of appellant, being then and there driven by said Harry P. Smith, her husband. The complaint was in one paragraph, to which the appellant and her codefendant answered in general denial. Trial was had, resulting in a verdict and judgment against both defendants.

The appellant duly filed her motion for a new trial, which was overruled, and this appeal is prosecuted; and the only error assigned is the action of the trial court in overruling said motion for a new trial. The reasons assigned in said motion, and not waived on this appeal, so far as necessary to be considered in determining the same, are: (1) Verdict is not sustained by sufficient evidence; (2) error in refusing to give instruction No. 4 tendered by appellant; (3) error in giving instruction No. 8 requested by appellee; (4) error in giving instruction No. 9 requested by appellee; (5) error in giving instruction No. 11 requested by appellee; (6) error in giving instruction No. 13 requested by appellee.

The material averments of the complaint, so far as the same are necessary to be stated in the consideration of this appeal, are as follows: That on February 17, 1915, one Ella J. Weaver was struck, while crossing Meridian street in the city of Indianapolis, by an automobile, then and there driven by one Harry P. Smith, and so injured that death resulted therefrom; that, a short time prior thereto, the appellant, Ella B. Smith, purchased in her own right a certain automobile to be used and which was used for the pleasure of herself and other members of her family; that she authorized, permitted, and directed said Harry P. Smith to have charge of and to operate said car when in use for the purposes aforesaid,

for which purposes it was held and used by said Ella B. Smith; that on the day aforesaid, in the city aforesaid, said Ella B. Smith, in pursuance of the purposes and arrangements aforesaid, permitted and directed Harry P. Smith to take out and drive said car in, about and upon the streets of the city of Indianapolis for the business aforesaid and of her family; that on the day aforesaid said Harry P. Smith was driving the car, in the service aforesaid and of the family, north on, in and along Meridian street in said city, the same being a popular street and much used by automobiles and other vehicles; that his eyesight was not good, as the defendants and each of them well knew; that he was lacking in care and skill and knew not how to bring the car to a slow and safe speed in the presence of immediate danger, as the defendants well knew; that plaintiff is the duly appointed and qualified administratrix of the estate of said Ella J. Weaver.  Other material allegations of the complaint relate to acts of negligence on the part of said Harry P. Smith in driving said car at said time.

Concerning the main features of this case there is no material controversy as to the facts, but counsel hold widely divergent views as to the law applicable thereto. No question is made as to the liability of the husband, but appellant insists that, under the facts of this case, there is as far as she is concerned no liability, because the evidence fails to show that, at the time the deceased was struck and the injury inflicted causing her death, Harry P. Smith was acting in the capacity of either agent or servant for her, but had taken and was using said automobile for purposes entirely his own.

The theory of appellee may be fairly gathered from the ninth and eleventh instructions tendered by the appellee, and given by the court to the jury, which instructions were as follows:

"No. 9. The court further instructs you that if you should find defendant, Ella B. Smith, the owner of the automobile in question, that such ownership is not of itself sufficient to make her liable for the negligent acts if any of defendant, Harry P. Smith, nor is the fact that defendant Ella B. Smith is the wife of defendant Harry P. Smith, of itself sufficient to make her liable for the negligent acts, if any, of her husband, Harry P. Smith, while operating said automobile, but if you should find that defendant, Ella B. Smith, owned and kept said automobile, for the pleasure of herself and family, including defendant Harry P. Smith, and you further find that said Harry P. Smith had frequently driven said automobile, and that he frequently, with the knowledge and consent of his wife, drove said automobile when the same was in use and being used for said purpose for which it was owned and kept by said defendant, Ella B. Smith, *and if you should further find that at the time in question defendant Harry P. Smith was operating said automobile for his own pleasure, and that this was a purpose within the general purpose for which defendant, Ella B. Smith owned and kept said automobile,* and you further find that at the time in question he operated said automobile with the consent either express or implied, of defendant, Ella B. Smith, and you further find under the law and the evidence against defendant, Harry P. Smith, then the court instructs you that you would be warranted in finding against defendant Ella B. Smith. (Our italics.)

"No. 11. I further instruct you that if you find from a fair preponderance of the evidence that at the time in question defendant Harry P. Smith took out the automobile of his said wife, the defendant Ella B. Smith, in pursuance of a general authority of his wife to take it whenever he pleased for the pleasure of the family

*and for his own pleasure, for the purpose for which she owned and kept it, for the purpose for which she expected him to operate it,* if you so find, then he was the agent or servant of his wife and under those circumstances, *that was the business for which the wife owned and kept the machine.*" (Our italics.)

The several alleged errors all center about one question, viz.: Does the purchase of an automobile and keeping of the same for the use and pleasure of the family, and of the various members thereof, render the owner and keeper of such machine liable to one who is injured by the negligent and careless use of such machine, at a time when it is being used by some individual member of the family, in his own business, or for his own exclusive pleasure?

The facts of this case, briefly stated, are as follows: The appellant was, on and prior to February 17, 1915, the owner of an automobile; it was kept and used as a family car; her husband, Harry P. Smith, sometimes took the car and took neighbors and friends out riding; he had also used the car and taken his daughter out riding; that on the day in question he had killed and cleaned some squabs and took the auto in question and took some of the dressed squabs to his brother's place of business in the southern part of the city, he living in the northerly part; that, as he was returning from said trip to his own home, he struck and so injured the deceased as to cause her death; that he had frequently driven the car down to his brother's.

The appellant testified: "On the 17 day of February, 1915, my husband did not go from our house on any business of mine. He was not doing anything for me or for my use. I did not know he was going until I went out and saw the automobile was gone."

There was no evidence that the eyesight of Harry P. Smith was not good, nor was there any evidence that he

did not know how to run, manage, and control an automobile. The evidence does show that for about five years he had been driving automobiles about the city.

Was Harry P. Smith, at the time in question, the agent and servant of his wife, so that the doctrine *respondeat superior* applies and renders her liable for his wrongful act?

The appellee insists that the doctrine of *Birch* v. *Abercrombie* (1913), 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59, applies, and that therefore the appellant is liable.

The authorities upon this question are in conflict; many decisions holding with the Abercrombie case, *supra*, that such use will render the owner liable for negligent acts of the driver. This question has recently been discussed at length in the case of *Hays* v. *Hogan* (1917), 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C 715, Ann. Cas. 1918E 1127. After a review of the leading cases upon the question, the court said: "After a careful consideration of all the authorities cited, we have reached the same conclusion, and hold that the mere ownership of an automobile purchased by a father for the use and pleasure of himself and family does not render him liable in damages to a third person for injuries sustained thereby, through the negligence of his minor son while operating the same on a public highway, in furtherance of his own business or pleasure; and the fact that he had the father's special or general permission to so use the car is wholly immaterial." See, also, *Doran* v. *Thomsen* (1908), 76 N. J. Law 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. 677; *Heissenbuttel* v. *Meagher* (1914), 162 App. Div. 752, 147 N. Y. Supp. 1087; *Radke* v. *Schlundt* (1902), 30 Ind. App. 213, 65 N. E. 770; *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443.

This case, as shown by the court's instructions, was

tried upon a wrong theory. The evidence wholly fails to sustain the verdict. For the reasons specified, the motion for a new trial should have been sustained, and this cause is therefore reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings.