## WILLIS *v.* CRAYS.

[No. 12,268. Filed March 11, 1926.]

1. HUSBAND AND WIFE.—The mere fact of marital relation does not establish an agency between a husband and wife, but such fact may be considered in determining whether there is such agency. p. 255.

2. HUSBAND AND WIFE.—The relation of principal and agent as between husband and wife may be shown by circumstantial evidence. p. 255.

3. AUTOMOBILES.—*Finding, the husband of owner of car was her agent in driving the car at time of collision held justified by the evidence.*—Where defendant's husband was driving her car at the time of collision with plaintiff's car and she was sitting beside him, permitting him to drive at high speed, and she only got out after the collision and went to plaintiff's car and immediately drove on without leaving her name and address as required by §10476f Burns 1914, the jury was justified in inferring that her husband was her agent in driving the car, notwithstanding her and her husband's testimony to the contrary. p. 256.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Action by Helena A. Crays against Mollie Willis. From a judgment for the plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Kessinger & Hill* and *William Vosloh,* for appellant.
*Joseph P. Smith, Webster V. Moffitt* and *Frank E. Gilkison,* for appellee.

NICHOLS, C. J.—It is averred in the complaint that appellee was riding in an automobile driven by another on state road No. 12 near Sandborn, Indiana. At said time and place, appellant was driving an automobile by and through her agent and servant, whose name is unknown to appellee, at a high rate of speed and in a careless and negligent manner. Upon approaching the automobile in which appellee was riding, she failed and refused to drive her said automobile to the right side of said road and failed and refused to give the automobile in which appellee was riding sufficient room to pass the one driven by her as aforesaid, but carelessly, negligently and with great force and violence ran her said automobile against the automobile in which appellee was riding, turning the same over into a ditch and throwing appellee from the seat where she was riding against the back of the front seat and the top of said automobile and fracturing the bones of her forehead, breaking her nose and greatly bruising, maiming and wounding her and injuring her permanently.

There was an answer in general denial, and a trial by jury which resulted in a verdict for appellee for $1,500 upon which, after appellant's motion for a new trial was overruled, judgment was rendered. The error assigned in this court is the court's ruling on the motion for a new trial.

While the evidence was conflicting, there was ample evidence to sustain the averments of the complaint, un-

less it may be said that the averments as to the agency of the driver were not proved. Appellant does not question the evidence in any other regard. It developed at the trial that the alleged agent was the husband of appellant. Both appellant and her husband testified that while the automobile belonged to appellant, she had loaned it to him for the trip on which he was going for business of his own, and that he had invited appellant to go with him. It has been decided by this court in *Smith* v. *Weaver, Admx.* (1919), 73 Ind. App. 350, 124 N. E. 503, in effect, that the mere ownership of an automobile by a wife and its operation by her husband at the time of an accident is not sufficient to charge her with the negligence of her husband in the absence of any showing that the automobile was at the time being operated in the course of her business or pleasure. In *Potts* v. *Pardee* (1917), 220 N. Y. 431, 116 N. E. 78, 8 A. L. R. 785, it was held that the fact that the automobile was owned by the defendant was *prima facie* evidence of her responsibility for the manner in which it was driven, but that such presumption remains only so long as there is not substantial evidence to the contrary. In *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96, it was held that the mere fact of marital relation does not establish an agency between husband and wife, but that such fact may be considered as a circumstance in determining the question of agency. The relation of principal and agent as between husband and wife may be shown by circumstantial evidence. *Lindquist* v. *Dickson* (1906), 98 Minn. 369, 107 N. E. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024; *Roper* v. *Cannel City Coal Co., supra; Martz* v. *Selig Dry Goods Co.* (1921), 76 Ind. App. 135.

In the instant case, facts and circumstances which the jury was authorized to consider in determining the

question of agency were that appellant was the

3. owner of the automobile, and that she was the wife of the driver; that she was present at the time of the accident, and sitting beside him permitting him to drive at a high speed. They might also consider that appellant's husband did not go to the wrecked car, and rendered no assistance to the occupants thereof, while appellant, after helping to take appellee's baby from the car in the ditch, gave it to the driver at once, and, without offering further assistance, immediately drove away from the place of the accident, without leaving name or address, and without making any report of the accident to any police station or judicial officer as required by statute §10476f Burns 1914. From these circumstances the jury inferred that appellant was at the time of the accident responsible for the operation of the car by her husband as her agent, and chargeable with the negligent operation resulting in appellee's injuries. It is true, as stated above, appellant and her husband testified that the car was being operated by the husband in the transaction of his own business, and that she was merely an invitee, but it is also true that the jury did not believe the statements of appellant and her husband as to the manner in which the accident occurred, and having discredited them in that testimony, the jury might, with equal propriety, not have accepted their testimony as to the question of agency. The jury had the opportunity of personal observation of the witnesses from which they could form some opinion of their character and intelligence, and the judge presiding at the trial had the same opportunity. He has refused to disturb the verdict upon the weight or insufficiency of the evidence to sustain it, and now with such evidence before us, but without the opportunity of personal observation, we will not reverse the judgment of the trial court.

VanArsdall *v.* Indiana Bell Tel. Co.—84 Ind. App. 257.

It does not appear by appellant's brief that the instructions were in any way made a part of the record. We do not, therefore, give them any consideration further than to say that having read what purports to be the instructions, both given and refused, as set out in appellant's brief, we discover no reversible error in the court's action with reference thereto.

Judgment affirmed.