### BLANTON *v.* UPCHURCH

[No. 20,185. Filed December 9, 1965.]

*Chris J. Pappas* and *Gerald N. Svetanoff*, of Gary, for appellant.

*Edmond J. Leeney, John E. Leeney, Timothy P. Galvin, Jr.,* and *Galvin, Galvin & Leeney,* of Hammond, for appellee.

SMITH, P. J.—This is an action brought by the appellant, Letcher Blanton, against the appellee, Will Gifford Upchurch, to recover damages for personal injuries sustained by the appellant by reason of the alleged negligence of the appellee in operating his automobile into the rear of an automobile in which the appellant was a passenger.

The complaint in substance charges the appellee with the following acts of negligence:

1. the defendant failed to reduce the speed of his automobile while approaching the automobile from the rear in which the plaintiff was a passenger;

2. the defendant failed to keep a proper lookout for motor vehicles traveling in front of the automobile of the defendant;

3. the defendant failed to operate his automobile at a reasonably safe distance to the rear of the vehicle in which the plaintiff was a passenger;

4. the defendant operated his automobile behind the automobile in which the plaintiff was a passenger at a distance that was not reasonable and prudent;

5. the defendant operated his automobile at a high and excessive rate of speed, to-wit, at such a speed as to prevent him from avoiding running into and against the rear of the automobile in which the plaintiff was a passenger;

6. the defendant failed to keep a proper lookout for vehicles traveling in front of him which were stopped in obedience to a red traffic signal at the intersection of 35th Avenue and Georgia Street in the City of Gary;

7. defendant failed to operate his automobile to the left or to the right of the automobile in which the plaintiff was a passenger so as to avoid running into the rear of the automobile in which the plaintiff was a passenger;

8. the defendant failed to reduce the speed of his automobile so as to avoid colliding with the automobile in which the plaintiff was a passenger;

9. the defendant failed to apply his brakes so as to avoid running into the rear of the automobile in which plaintiff was a passenger; and

10. the defendant failed to have adequate brakes in order to stop his automobile so as to avoid running into the rear of the automobile in which plaintiff was a passenger.

The issues were formed by the appellant's complaint and the appellee's answer in denial filed in accordance with Rule 1-3 of the Supreme Court of Indiana. The case was tried by a jury who found for the defendant-appellee and a judgment was duly entered thereon.

The motion for a new trial is as follows:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. For error of law occurring at the trial in the cross examination of William Lothian, a witness.

4. In specifications 4, 5, 6, 7, 8, 9, 10 and 11 the appellant contends that the court erred in giving defendant's tendered instructions 2, 4, 8, 9, 13, 19, 20 and 22.

The sole assignment of error is:

1. The court erred in overruling appellant's motion for a new trial.

The appellant pursues in his brief four specifications of error, and he combines two of these specifications into one argument.

In considering the alleged errors pursued by the appellant in his brief it is necessary to review the record evidence in

the light most favorable to the appellee. The record evidence discloses the following facts.

Shortly after 8:00 o'clock on the morning of August 23, 1961, the appellant, Letcher Blanton, was a passenger in an automobile operated by one Mike Eleftheri, the owner. Mr. Eleftheri was a co-worker with the appellant at the Gary Works of the United States Steel Corporation in Gary, Indiana; and at the time of the collision, he was furnishing transportation to the appellant. The two men were on their way home from work after working the night shift. After leaving the plant, the Eleftheri automobile proceeded south on Virginia Street and continued on said street to the place where Virginia Street merges with Georgia Street at 26th Avenue.

As the Eleftheri automobile approached the intersection of Georgia Street and 35th Avenue it came to a stop behind a 2½ ton flat-bed truck which had stopped at said intersection in obedience to a red traffic signal located at said intersection; and said automobile stopped approximately eight feet behind the truck.

While the Eleftheri automobile was so stopped an automobile owned and operated by the appellee Upchurch ran into the rear end of the Eleftheri automobile, and, as a result of said impact, the appellant suffered the injuries complained of. At the time of the collision Mr. Eleftheri depressed his brake pedal as far as it was possible to depress it. The force of the impact caused the Eleftheri automobile to collide with said truck loaded with 8 to 10 tons of cement which was stopped at the intersection immediately in front of the Eleftheri automobile; and the impact caused said truck to move forward approximately two feet. Upon impact the motor of the Eleftheri automobile was pushed approximately three feet underneath the truck.

The appellant and Mr. Eleftheri while talking to the appellee immediately following the collision were advised by the appellee that the reason he collided with their automobile

was the failure of his brakes. However, in his testimony given at the trial, the appellee admitted that his automobile was equipped with an emergency brake which was in working order at the time of the collision but that he did not have time to use it. The appellee further testified that there was room to swerve his automobile to the right in order to avoid the collision but that he did not do so; nor did he give any signal of any kind warning of the impending collision.

The appellee further testified that he had his brakes repaired the day before the collision; that he drove his automobile to work and was returning home from work on the morning of August 23rd; that he was going south on Georgia Street as he approached the intersection of Georgia Street and 35th Avenue; that up to the time of the collision his brakes were working properly. He stated that he stopped his automobile several times that morning for traffic signals; and that he was about two car lengths behind the Eleftheri automobile when he attempted to apply his brakes. He said that his brakes were so "soft" that he was required to pump them; and that he had no brakes and as a result he ran into the rear end of the Eleftheri automobile.

This Court will in this opinion concern itself only with the alleged error of the trial court in giving defendant's instruction No. 9. Instruction No. 9 reads as follows:

> "You are instructed that the law recognizes that every injury sustained by a person does not give rise to a corresponding liability on the part of someone else; in other words, that a person may sustain injuries as a result of unavoidable or pure accident and if you find from the evidence in this case that the injuries alleged to have been sustained by the plaintiff herein were the result of unavoidable or pure accident, then your verdict must be for the defendant."

The appellant specifically objects to the giving of defendant's instruction No. 9 for the reason that there was no evidence from which the jury could find that the collision

was the result of a pure accident. That the instruction was erroneous in that it is in no way related to the issues presented by the evidence. That it states an abstract proposition of law and requires a mandatory finding for the appellee without regard to the proximate cause of the collision and resultant injuries sustained as alleged in appellant's complaint.

Our Court in the case of *Shane, Admx.* v. *Fields* (1963), 135 Ind. App. 353, 190 N. E. (2d) 195, had under consideration the question of the giving of an instruction on "mere accident." The appellant in this case contended that the court erred in giving defendant's instruction No. 5, which reads as follows:

"The law of this state recognizes the possibility of a mere accident; that is, an occurrence which is in no way due to the conscious act or fault of any one. The happening of a mere accident resulting in injury or death cannot support a verdict for damages. Therefore, if you find that the death of Lee E. Shane in this case was the result of a mere accident, there can be no recovery for the plaintiff."

Our Court in this case spoke as follows:

"Appellant cites a vast number of cases from other jurisdictions disapproving this instruction especially when there was no direct evidence of the possibility of pure accident. Although this seems to be the rule in the vast majority of the states it is not the rule in Indiana.

"In *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. (2d) 712, the Supreme Court stated that the law was correctly recited in the following instruction then in issue, 'if you are unable to determine, from a fair preponderance of the evidence, just what was the proximate or real cause of the collision and resultant injury described in the complaint, then such collision falls within that class denominated as pure accident, and your verdict should be for the defendant, . . .' Thus in the case at bar we are bound to follow the Supreme Court and hold that the pure accident instruction was proper as it was quite possible that the jury would be unable to determine the proximate cause of the automobile going out of control."

The appellant contends that the instructions on "mere accident" given in the case of *Shane, Admx.* v. *Fields, supra,* and in the case of *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. (2d) 712 can be distinguished from instruction No. 9 given in the case at bar for the reason that instruction No. 9 makes a general statement that every injury sustained by a person does not give rise to a corresponding liability on the part of someone else and if the jury finds that a "pure accident" occurred, then they *must* find for the defendant.

The appellant further contends that the error posed in instruction No. 9 is the lack of a definition of what evidence or lack of evidence with respect to the proximate cause of the collision gives rise to a "pure accident" situation. In the "pure accident" instruction given in the *Mattmiller* case and in the *Shane* case the use of the term "pure," "unavoidable" or "mere" accident was defined in relation to the basic issue presented by the evidence, i.e., the question of the negligence of the defendant. The appellant further contends that instruction No. 9 is a mandatory instruction, that is, one which requires the jury to return a verdict for the defendant upon the finding of a certain situation, e.g., "pure accident." The appellant urges that the instruction is incomplete and not related to the issues presented by the evidence, and, being incomplete and confusing, it was prejudicial error to give such an instruction.

Following the submission and briefing of the case at bar, the Supreme Court of Indiana has handed down two opinions which deal specifically with the question of the giving of a "pure accident" or "unavoidable accident" instruction.

In *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. (2d) 633, our Supreme Court considered the question of error in the giving of an instruction which reads as follows:

"The Court instructs you that a pure accident is an accident which arises where one is pursuing a lawful occupation or pursuit in a lawful manner, and something occurs which ordinary skill or precaution could not foresee or pre-

vent, and as a consequence thereof, an accident occurs. If the damages complained of in this case resulted from a pure accident, then the defendant is not liable for the damages caused thereby."

In deciding this question the Supreme Court spoke as follows:

"In fact the term 'unavoidable accident' appears to be an obsolete relic or remnant carrying over from a time when damages could be recovered in an action for trespass and strict liability imposed unless the defendant proved the injury was caused by an 'inevitable or unavoidable accident.' 'Unavoidable accident' was then an affirmative defense to be pleaded and proved by the defendant. See: *Harper & James, The Law of Torts* (1956), § 12.2, p. 747, et seq.; *Butigan* v. *Yellow Cab Co.* (1958), 49 Cal. (2d) 652, 657, 320 F. (2d) 500, 504, 65 A. L. R. (2d) 1.

"In a present day action based upon negligence the plaintiff must show his injury was proximately caused by the defendant's negligence, and the defendant under a pleading equivalent to a general denial may show any circumstance which rebuts the allegations of negligence directed to him or which concerns their causal effect. The expression 'unavoidable accident' or 'pure accident' is not an affirmative defense and has no particular connotation in modern pleading of negligence cases. Such terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors, *their use in instructions is undesirable and unwise, and any statements in prior decisions of this state construed as authorizing instructions on 'pure accident' or 'unavoidable accident' are hereby disapproved."* (Emphasis supplied)

Our Supreme Court spoke again on this question concerning the giving of an instruction on "mere accident" in the case of *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N. E. (2d) 845. In this case the appellant contends error was committed by the trial court in the submission of an instruction which reads as follows:

"The law recognizes the possibility of a mere accident, that is, an occurrence which is in no way due to the negligence of anyone. Therefore if you find from the evidence that the injuries complained of by the plaintiff in this case were the

result of a mere accident, there can be no recovery by the plaintiff, Anna Mary White."

The opinion in the *White* case contains the following pronouncement:

"In our recent opinion in the case of *Miller* v. *Alvey* (1965), — Ind. App. —, 207 N. E. (2d) 633, we had before us an instruction on pure accident, the giving of which we held to be reversible error.

"It has been argued we held in *Miller* v. *Alvey, supra,* that an instruction on 'pure accident' or 'unavoidable accident' was proper if there was evidence to support such an instruction. That construction is completely at variance with a careful reading of our opinion in which we pointed out that the expressions 'pure accident' or 'unavoidable accident' have no particular connotation in modern pleading of negligence cases, that such expressions were ambiguous and confusing to lay jurors, their use in instructions was undesirable and unwise, *and we disapproved any statements in prior decisions which could be construed to the contrary. Consistent with Miller v. Alvey, we must hold it was error for the court to give instruction* No. 5." (Emphasis supplied)

As we interpret the decisions in the *Miller* and *White* cases, it is now reversible error to give an instruction in an action based on negligence in which instruction the term "mere accident," or any term of a similar nature is defined; and therefore it was error for the trial court to give defendant's instruction No. 9. However, we feel that the decision reached in the *White* case will ultimately have to be reviewed by our Supreme Court for the reason that in Judge Landis' opinion in the *White* case, in his interpretation of the *Miller* case, there was a specific allusion to an instruction involving a question of pure negligence; and for the further reason that the opinion of Judge Landis in the *White* case completely ignores the doctrine of causa major.

Other assigned errors were pursued in appellant's brief, however, we are not called upon to decide these questions because of our holding herein that the submission of instruction No. 9 constitutes reversible error.

For the reasons stated herein we are hereby reversing the judgment of the trial court with instruction to sustain the motion for a new trial.

Judgment reversed.

Bierly, Hunter and Mote, JJ. concur.

NOTE.—Reported in 212 N. E. 2d 177.