JONES *v.* CASTOR.

[No. 20, 180. Filed February 25, 1966. Rehearing denied
March 17, 1966. Transfer denied February 8, 1967.]

*John R. Walsh* and *Richard E. Kreegar,* both of Anderson,
for appellant.

*Joseph A. Noel,* of Kokomo, for appellee.

SMITH, P. J.—This is an action for personal injuries and
damages sustained by the appellant, William Marion Jones,
in a two-truck collision in Tipton County, driver of one truck
being appellant, William Marion Jones, the other driver being
the appellee, Bert Castor.

The appellee filed an answer to the complaint and a cross-
complaint.[1]

---

NOTE: 1. The appellee has designated his right of action against
the appellant as "cross-complaint." However, from an examination of
this pleading it appears to be a counter-claim rather than a cross-com-

Upon the issues framed by the complaint filed by the appellant and by the appellee's answer to appellant's complaint and by appellee's cross-complaint and by appellant's answer thereto, this cause of action was submitted to a jury for trial. The trial resulted in a verdict against the appellant on the complaint and a finding that the appellant was guilty of contributory negligence; and in a verdict against the appellee on his cross-complaint and a finding that the appellee was guilty of contributory negligence.

The judgment rendered in accordance with the verdict of the jury reads in pertinent part as follows:

"IT IS CONSIDERED, ADJUDGED AND DECREED BY THE COURT that judgment is entered in this proceeding upon the verdict returned by the jury and the interrogatories answered by the jury, which judgment is against the plaintiff, William Marion Jones, on his complaint and for the defendant, Bert Castor, on his answer to plaintiff's complaint and against the cross-complainant, Bert Castor, on his cross-complaint and for the cross-defendant, William Marion Jones, on his answer to said cross-complaint.

"IT IS FURTHER CONSIDERED, ADJUDGED AND DECREED BY THE COURT that the plaintiff, William Marion Jones, shall pay the costs of this proceeding."

The appellant filed a motion for a new trial which was overruled by the court.

The appellee first has raised a question concerning the authenticity of the bill of exceptions. On December 4, 1964, the

plaint. Section 2-1018 Burns Indiana Statutes provides "A counter-claim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages. A counter-action is not a counter-claim if it is not a matter arising out of, or connected with, the plaintiff's cause of action." The statute herein quoted defines a counter-claim as a cross action which is designed to dispose of all connected matters in a single action and thereby avoid a multiplicity of actions. However, our courts have uniformly held that to determine the nature of a pleading the court must look to the facts alleged and relief sought, and not to the name given by the pleader. See, *Demma et al* v. *Forbes Lumber Company* (1961), 133 Ind. App. 204, 315, 178 N. E. (2d) 455, Rehearing denied 181 N. E. (2d) 253.

appellee filed a motion to affirm judgment alleging therein that (1) the filing of said purported bill of exceptions is not evidenced by an order book entry, by a certificate of the clerk, by the clerk's file mark, or in any other manner; and (2) that the certificate of the clerk (dated May 9th, 1964) precedes the purported signing of the bill of exceptions by the court reporter and the judge (both dated June 9th, 1964) and does not certify to the authenticity of the bill of exceptions, the certificate certifying only as to the matters which occurred on or before this date.

On December 9, 1964, appellant petitioned this Court for an order directing the Clerk of the Tipton Circuit Court to correct the date on said clerk's certificate.

On April 15, 1965, this Court issued a writ of certiorari directing the clerk of the Tipton Circuit Court to correct the date on said clerk's certificate to reflect the true and correct date that the transcript was filed.

On April 27, 1965, the writ of certiorari was complied with and the date on the clerk's certificate was amended to read "June 9, 1965."

On May 7, 1965, the appellee again filed a motion to affirm judgment, the ruling on which was held in abeyance until this case was disposed of on its merits.

On June 28, 1965, the appellee requested an extension of time to file his brief. Said extension of time was granted up to and including August 2, 1965.

Rule 2-16 of the Indiana Supreme Court provides in part as follows:

> 1. "The petition [for extension of time] shall state facts showing that the Court in which the cause is pending has jurisdiction and that the brief will be on the merits."

In construing this rule, the Supreme Court in the case of *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. (2d) 629 spoke as follows:

"The appellee insists that the bill of exceptions containing the evidence is not properly in the record for the reason that the clerk's certificate to the transcript does not authenticate such bill of exceptions. . . . The appellee applied for and received an extension of time for the filing of his briefs. Rule 2-16 requires the petition to 'state facts that the court in which the cause is pending has jurisdiction and that the brief will be on the merits.' An objection that the evidence is not in the record does not go to the merits of the appeal, and by his petition for extension of time the alleged error was waived. *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893."

Assuming, without deciding, that the clerk's certificate is insufficient, it is our opinion that the appellee is not now in a position to challenge the error raised in the motion to affirm judgment.

As to other errors alleged, the court in this opinion will concern itself only with ground 3 .c of the motion for a new trial, which reads as follows:

"The Court erred in giving to the jury on the Court's own motion Instruction Number 39 by failing to first submit to the plaintiff or to inform the plaintiff that it was going to give said instruction, and as a result thereof the plaintiff was not given an opportunity before said instruction was read to the jury to object or to file written objections to the giving of said instruction."

The appellant specifically contends that the court erred in failing to inform the appellant that he was going to give on his own motion Instruction Number 39; and that in failing to so inform the appellant, the court disregarded and ignored the provisions of Rule 1-7 of the Supreme Court of Indiana.

Rule 1-7 of the Indiana Supreme Court reads as follows:

"The court shall indicate on all instructions, in advance of the argument, those that are to be given and those refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state his specific objections to each, out of the presence of the jury and

before argument, or specific written objections to each instruction may be submitted to the court before argument. . . ."

It is our opinion that because the trial court did not comply with Rule 1-7 by failing to afford the appellant an opportunity to file written objections to the giving of Instruction Number 39 prior to the time it was submitted to the jury, the first opportunity the appellant had to challenge this instruction was in his motion for a new trial. This appellant did in specification 3 c of his motion for a new trial.

It now becomes necessary to decide whether or not Instruction Number 39 stated the law correctly and whether or not the court erred in giving said instruction.

Instruction Number 39 reads, in part, as follows:

"If you find that it was a mere accident the form of your verdict may be: 'We, the jury, find against the plaintiff upon his complaint and against the defendant upon his cross-complaint and assess the costs of this action against the plaintiff.' "

Specifically the appellant complains of this part of Instruction Number 39 contending that it is objectionable and prejudicial to the appellant and that it "tended to mislead the jury. It infers that there exists an issue of 'mere accident' in this case. As this Court well knows, an accident is the happening of an event or act, in which no human hand plays a contributory part."

From an examination of the language used in this part of Instruction Number 39 it is apparent that the instruction permitted the jury to return a verdict against the appellant upon his complaint and against the appellee on his cross-complaint if the jury found that the injuries and damages sustained in the collision of the two trucks were the direct result of a "mere accident."

Following the time this appeal was submitted to our Court, the Supreme Court of Indiana has, in the case of *Miller* v.

*Alvey* (1965), 246 Ind. 553, 207 N. E. (2d) 633, considered the question of error in the giving of an instruction which reads as follows:

"The Court instructs you that a pure accident is an accident which arises where one is pursuing a lawful occupation or pursuit in a lawful manner, and something occurs which ordinary skill or precaution could not foresee or prevent, and as a consequence thereof, an accident occurs. If the damages complained of in this case resulted from a pure accident, then the defendant is not liable for the damages caused thereby."

In deciding this question the Supreme Court said:

"In fact the term 'unavoidable accident' appears to be an obsolete relic or remnant carrying over from a time when damages could be recovered in an action for trespass and strict liability imposed unless the defendant proved the injury was caused by an 'inevitable or unavoidable accident.' 'Unavoidable accident' was then an affirmative defense to be pleaded and proved by the defendant. See, *Harper & James, The Law of Torts* (1956), § 12.2, p. 747, et seq.; *Butigan* v. *Yellow Cab Co.* (1958), 49 Cal. (2d) 652, 657, 320 F. (2d) 500, 504, 65 A. L. R. (2d) 1.

"In a present day action based upon negligence the plaintiff must show his injury was proximately caused by the defendant's negligence, and the defendant under a pleading equivalent to a general denial may show any circumstances which rebuts the allegations of negligence directed to him or which concerns their causal effect. The expression 'unavoidable accident' or 'pure accident' is not an affirmative defense and has no particular connotation in modern pleading of negligence cases. Such terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors, *their use in instructions is undesirable and unwise, and any statements in prior decisions of this state construed as instructions on 'pure accident' or 'unavoidable accident' are hereby disapproved.*" (Emphasis supplied)

In the case of *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N. E. (2d) 845, the Supreme Court again considered this question of the giving of

an instruction on "mere accident." The instruction in question reads as follows:

> "The law recognizes the possibility of a mere accident, that is, an occurrence which is in no way due to the negligence of anyone. Therefore if you find from the evidence that the injuries complained of by the plaintiff in this case were the result of a mere accident, there can be no recovery by the plaintiff, Anna Mary White."

In deciding this case the Supreme Court said:

> "In our recent opinion in the case of *Miller* v. *Alvey* (1965), Ind., 207 N. E. (2d) 633, we had before us an instruction on pure accident, the giving of which we held to be reversible error.
>
> "It has been argued we held in *Miller* v. *Alvey, supra,* that an instruction on 'pure accident' or 'unavoidable accident' was proper if there was evidence to support such an instruction. That construction is completely at variance with a careful reading of our opinion in which we pointed out that the expressions 'pure accident' or 'unavoidable accident' have no particular connotation in modern pleading of negligence cases, that such expressions were ambiguous and confusing to lay jurors, their use in instructions was undesirable and unwise, *and we disapproved any statements in prior decisions which could be construed to the contrary. Consistent with Miller v. Alvey, we must hold it was error for the court to give instruction No. 5."* (Emphasis supplied)

Our Court in a recent case entitled *Letcher Blanton* v. *Will Gifford Upchurch* (1965), 138 Ind. App. 132, 212 N. E. (2d) 177, held that in light of the *Miller* and *White* cases, it is now reversible error to give an instruction in an action based on negligence in which instruction the term "mere accident," or any term of a similar nature is defined.

While Instruction Number 39 does not attempt to define the term "mere accident," it does permit the jury to return a verdict against both the appellant on his complaint and against the appellee on his cross-complaint in the event the

jury should find that the collision in question resulted from a "mere accident." In other words, it does permit the jury to consider the question and to speculate on whether or not the collision in question resulted from a "mere accident."

While there is no positive statement in the verdict returned by the jury indicating that the jury deemed the collision to be the result of a "mere accident;" however, the jury did find against both the appellant on his complaint and against the appellee on his cross-complaint, stating in said verdict specifically that both parties were guilty of contributory negligence.

It is our opinion that the giving of Instruction Number 39 permitted the jury to decide this cause of action on the theory of a "mere accident" and, therefore, constitutes reversible error.

Judgment reversed with instruction to the trial court to grant the motion for a new trial.

Bierly, Hunter and Mote, JJ., concur.

NOTE.—Reported in 214 N. E. 2d 180.