## BOSWELL v. WASHINGTON.

[No. 20,227. Filed November 14, 1966. Rehearing denied December 27, 1966. Transfer denied February 7, 1967.]

*John T. Hume III* and *Smith and Jones,* of counsel, both of Indianapolis, for appellant.

*Erle A. Kightlinger* and *Howard J. De Trude, Jr.,* both of Indianapolis, and *Armstrong, Gause, Hudson & Kightlinger,* of counsel, of Indianapolis, for appellee.

FAULCONER, J.—Appellant brought suit against appellee for damages alleging that she was struck by a motor vehicle being operated by appellee while she, appellant, was crossing a street within a marked crosswalk. At the conclusion of plaintiff-appellant's evidence, upon motion of appellee, the court gave an instruction for a finding in favor of appellee. Judgment was duly entered thereon; appellant's motion for new trial was overruled, and this appeal followed.

This court has held in many cases that a peremptory instruction for a defendant will be upheld only if one or more of the material allegations of the complaint essential to recovery are not supported by evidence of probative value or by any reasonable inference that may be drawn therefrom. *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 505, 186 N. E. 2d 242 (Trans. denied) ; *Phares* v. *Carr* (1952), 122 Ind. App. 597, 600, 106 N. E. 2d 242 (Trans. denied). 2 F. W. & H., Ind. Tr. & App. Pract. (1963 P. P.), § 1661, p. 96.

> "It is a familiar rule that in considering the appropriateness of a directed verdict, the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw, . . . " *Vann* v. *Vernon General Ins. Co.* (1956), 126 Ind. App. 503, 507, 133 N. E. 2d 70, 134 N. E. 2d 235; *Tabor* v. *Continental Baking Co.* (1942), 110 Ind. App. 633, 639, 38 N. E. 2d 257, (Trans. denied). 2 F. W. & H., Ind. Tr. & App. Pract. (1963 P. P.), § 1661, Comment 2, p. 97.

The evidence produced in support of the material allegations of appellant's complaint must be "substantial" evidence

as differentiated from a mere "scintilla." *Burke* v. *Burke* (1963), 135 Ind. App. 235, 242, 191 N. E. 2d 530, 533 (Trans. denied).

The undisputed evidence in the record before us shows that in downtown Indianapolis, East Market Street runs east and west, and is 60 feet wide, divided in half by double yellow lines. Each half is divided into three equal lanes by white lines painted thereon. That midway between the intersections of East Market Street and North Delaware Street, and East Market Street and North Pennsylvania Street, is an alley known as North Talbot Street, running north and south and intersecting East Market Street at right angles. That running across East Market Street in a north and south direction is a marked crosswalk, the west line of such crosswalk running along the east side of North Talbot Street.

One of appellant's allegations of negligence is that appellee failed to yield the right-of-way to appellant, a pedestrian, in a cross walk, "contrary to statute made and provided."

Acts 1939, ch. 48, § 83, p. 289, § 47-2032, Burns' 1965 Replacement, provides as follows:

> "(a)  When traffic control signals are not in place or not in operation the driver of vehicle shall yield the right-of-way, slowing down or stopping if need be, so to yield to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield. This provision shall not apply under the conditions stated in section 84-b [§ 47-2033 (b)].

> "(b) Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."

Acts 1939, ch. 48, § 85, p. 289, § 47-2034, Burns' 1965 Replacement, provides as follows:

"Notwithstanding the foregoing provisions of this act, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon a roadway and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a highway."

Section 47-2032, *supra,* imposes an absolute duty upon the driver to yield the right-of-way to a pedestrian under the circumstances and with the exceptions detailed therein, and § 47-2034, *supra,* imposes upon the operator of a motor vehicle the duty to anticipate the presence of pedestrians lawfully using the highway and to keep a proper lookout and have the vehicle under control in order to avoid a collision with such person. Failure to do so constitutes prima facie evidence of negligence. *Neuwelt* v. *Roush* (1949), 119 Ind. App. 481, 497, 499, 85 N. E. 2d 506 (Trans. denied); *Ft. Wayne Transit, Inc. et al.* v. *Shomo, etc.* (1957), 127 Ind. App. 542, 558, 143 N. E. 2d 431.

Appellee contends that there is no evidence showing, or from which a jury could reasonably infer, that appellant was within the crosswalk. With this contention we cannot agree. Appellant's own testimony was that she walked west on the sidewalk adjacent to the south curb lane of East Market Street. That intending to cross to the north side of East Market Street she stopped at the southeast corner of East Market Street and North Talbot Street. That before stepping from the curb into East Market Street she looked to the west then to the east and saw no traffic. That she saw a white Cadillac automobile in the lane next to the south curb of East Market Street headed east, the back of which was east of the crosswalk. That she proceeded to cross East Market Street; that she passed another pedestrian coming from the north; that when she was nearly to the center line she looked

to the east; and that she was struck and remembers nothing thereafter.

The Police Officer investigating the accident testified that when he arrived he found appellant lying just east of the crosswalk and on the north side and near the rear of the white Cadillac. Appellant's position was confirmed by the driver of the white Cadillac.

> "As to the negligence of appellant, of course it was incumbent upon appellee to prove that appellant was negligent in the *respects* charged in the complaint, but it ■ was not necessary that such proof be made by direct evidence, as these facts may be made to appear either directly or circumstantially." (Emphasis supplied.) *Pittsburgh, etc., R. Co.* v. *Edwards, Admx.* (1921), 190 Ind. 57, 64, 129 N. E. 310.

We are of the opinion that the evidence in the record before us would support a reasonable inference, if not directly proven, that appellant was within the crosswalk.

> "Appellee contends that there is no evidence of negligence on the part of appellee because of the fact that decedent was outside the crosswalk when struck and, furthermore, that because of this fact he was guilty of contributory negligence as a matter of law. We do not concur in this contention. From the evidence and the reasonable inferences drawn therefrom the jury might reasonably have believed that the decedent started across the street in the crosswalk since he was 'at the corner' when he started and that he proceeded across the street in the crosswalk since he walked 'south' from the corner. The jury might also have believed that, in violation of the statute, the bus failed to yield the right-of-way to decedent, a 'pedestrian lawfully within the crosswalk', but instead obstructed the crosswalk by stopping 'at or on' it and thus making it necessary for decedent to walk out of and slightly to the east thereof in order to go 'around the bus.' Certainly if such inferences can be drawn from the evidence we cannot say that there was no evidence of negligence on the part of appellee or that decedent was guilty of contributory negligence as a matter of law. Therefore, as to the issues of negligence and contributory negligence there was sufficient evidence to take the case to

the jury." *Novak, Admx., etc.* v. *Chi. & C. Dist. Tr. Co., et al.* (1956), 235 Ind. 489, at pages 492-493, 135 N. E. 2d 1, at pages 2-3.

Appellee argues that the evidence is just as consistent with the fact that appellant walked behind the Cadillac suddenly, without warning, into the path of his vehicle. This, of course, is even more reason why this cause should have gone to the jury on this issue. Neither the trial court in considering a motion for directed verdict, nor this court on appeal, can weigh the evidence. If facts are susceptible of two different inferences then it is the province of the jury to determine which the facts prove.

We are of the opinion that the evidence was sufficient on, at least, this allegation of negligence for its determination to go to the jury.

> "The general rule is well settled that when a complaint in one paragraph properly charges two or more acts of negligence, proof of the occurrence of one of such acts will warrant a recovery if the evidence justifies the conclusion that such act was the proximate cause of the injury." *Swanson* v. *Slagel, Administratrix* (1937), 212 Ind. 394, 402, 8 N. E. 2d 993.

We are also of the opinion, after a careful and thorough examination of the record, that there was sufficient evidence of probative value, or from which legitimate inferences could be drawn, establishing the other essential elements of appellant's cause of action sufficient to withstand a motion for a directed verdict at the close of plaintiff's evidence. Admittedly this evidence is indirect and circumstantial, but direct proof is not required, only evidence from which reasonable inferences can be drawn being necessary.

There is evidence establishing, or from which reasonable inferences can be drawn, that appellant, being in a marked crosswalk, was struck by a 1959 Ford automobile which was at the scene of the accident and west of the appellant, and

that said 1959 Ford was in the possession of appellee, Samuel E. Washington, Jr. Coupled with the evidence establishing negligence, or from which an inference of negligence can be drawn, satisfied the burden appellant possessed and, therefore, in our opinion, the direction of the verdict against appellant at the close of her case in chief was reversible error and appellant's motion for a new trial should have been granted.

We are of the opinion that the result we have reached is in furtherance of the principle stated by Judge Kelley, speaking for this court, in *Vann* v. *Vernon General Ins. Co., supra* (1956), 126 Ind. App. 503, at page 508, 133 N. E. 2d 70, at page 72, 134 N. E. 2d 235, as follows:

> "One of the cherished constitutional rights of the American citizen is that of trial by jury. Our courts are charged with the duty of preserving that right. Thus it has been decreed that in a civil case where the issue rests upon inferences and deductions to be drawn from facts proved, if there be any evidence, upon the essential issues, in favor of the party against whom a directed verdict is moved, such motion will be denied."

We are of the opinion that the present case is an example of the advantage this court, on appeal, possesses over the trial court in the ruling on motions for directed verdicts, most singular of which is that on review the appellate tribunal has before it a complete typewritten transcript of the evidence and the opportunity to thoroughly examine it. Also, we have the benefit of written briefs and oral arguments of counsel. Whereas, in contrast, usually when such motion is made, sometimes after many days, or weeks, of hearing evidence, the trial judge must act without appreciable delay—notably in a trial by jury—from his own memory or notes as to the evidence as only in a very rare instance is a transcript of the evidence available to him at this stage of the proceedings.

We conclude, therefore, that the trial court erred in directing a verdict for the appellee.

The judgment is reversed with directions to sustain appellant's motion for new trial.

Carson and Prime, JJ., concur.

Wickens, P.J., dissents without opinion.

NOTE.—Reported in 221 N. E. 2d 184.