PIERCE v. HORVATH ET AL.

[No. 20,433. Filed February 20, 1968. Rehearing denied April 17, 1968. Transfer denied May 31, 1968.]

*Louis L. Anderson*, of South Bend, for appellant.

*James H. Pankow*, and *Jones, Obenchain, Johnson, Ford & Pankow*, of South Bend, for appellee.

FAULCONER, J.—Appellant sued appellees for injuries he allegedly received as a result of alleged negligence of appellees when a collision occurred between an automobile driven by appellant and an automobile owned by appellee Louise Horvath and operated by appellee John Horvath. Appellant alleged in his amended complaint that John Horvath was, at such time and place, "the agent of his wife, the defendant, Louise Horvath, and was acting within the scope of his agency relationship."

At the conclusion of the evidence the appellee Louise Horvath filed her motion to direct a verdict in her favor "for the reason that the evidence submitted in said cause and all reasonable inferences therefrom favorable to the plaintiff will

not support a finding that John Horvath, for the time of the accident alleged in the complaint, was acting as the agent of Louise Horvath within the scope of his agency." The trial court granted said motion.

The cause against John Horvath was submitted to the jury which returned a verdict in his favor on which judgment was duly entered that plaintiff-appellant take nothing by reason of his complaint. The overruling of appellant's motion for new trial is assigned as error in this appeal.

The first question here presented concerns the action of the trial court in directing a verdict in favor of appellee Louise Horvath at the close of the evidence.

> "This court has held in many cases that a peremptory instruction for a defendant will be upheld only if one or more of the material allegations of the complaint essential to recovery are not supported by evidence of probative value or by any reasonable inferences that may be drawn therefrom." *Boswell* v. *Washington* (1967), 140 Ind. App. 273, 221 N. E. 2d 184, 185, 9 Ind. Dec. 346, 347, (Trans. denied).

The trial court also may properly give a peremptory instruction to find for the defendant where the evidence is without conflict and is susceptible to but one inference and that inference is in favor of defendant. *Reynolds, Admtrx. etc.* v. *Langford* (1961), 241 Ind. 431, 433, 172 N. E. 2d 867; *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 680, 122 N. E. 2d 734; 2 F. W. & H., *Ind. Tr. & App. Pract.*, ch. 20, § 1661, p. 96, (1963 P. P.).

If there was no substantial evidence of probative value, or reasonable inferences therefrom, that appellee John Horvath was appellee Louise Horvath's agent at the time and place alleged, or reasonable minds could only conclude from such evidence, or reasonable inferences therefrom, that he was not acting in such capacity, the trial court was correct in directing a verdict in favor of appellee Louise Horvath at the close of all the evidence.

The evidence is undisputed on this issue and will show that appellees John and Louise Horvath were husband and wife; that each owned an automobile and drove their respective automobiles to their respective places of employment in the morning and back home in the afternoon. On the morning of January 23rd, John arose first and went out to start the automobiles so they would "warm up". He discovered that considerable snow had fallen the night before and his automobile would not start. Since Louise's car did start and since she had to be at work at 6 A.M. and he at 7 A.M. it was agreed that he would drive her in her automobile to her place of employment then proceed to his, obtain permission to leave his employment temporarily at 2:30 P.M., pick her up at her place of employment, drive her home and return to his place of employment and finish his working day. It was while John Horvath was backing Louise's automobile from the parking lot at his place of employment onto Sample Street about 2:30 P. M., on his way to pick up Louise at her place of employment, that the collision occurred.

The so-called "family purpose" doctrine, is not recognized in Indiana; thus a husband or wife is only liable for the negligence of the other when the relation of principal and agent, or master and servant, exists between them, and the agent or servant was acting within the scope of the agency or employment at the time the negligence occurred or they were engaged in a joint enterprise. 3 I.L.E., *Automobiles,* § 106, Page 453; *Bryan* v. *Pommert* (1941), 110 Ind. App. 61, 66, 37 N. E. 2d 720. *Smith* v. *Weaver. Admx.* (1920), 73 Ind. App. 350, 355, 124 N. E. 503.

The mere fact that the marital relation existed between them, or that the one spouse is negligent in operating the automobile owned by the other spouse, will not impose liability upon the owner spouse. 8 Am Jur. 2d, *Automobiles and Highway Traffic,* § 585, p. 141; 6 Blashfield

Auto Law, § 255.2, pp. 412, 413. (3rd Ed. 1966) ; *Willis* v. *Crays* (1926), 84 Ind. App. 253, 255, 151 N. E. 13.

The plaintiff-appellant had the burden of proving by a preponderance of the evidence that the defendant-husband was acting as the agent or servant of the defendant-wife at the time of his alleged negligent act. Such relationships may arise expressly or by implication and may be shown to exist by direct or circumstantial evidence. The relationship of principal and agent, master and servant or employer and employee involving husband and wife are governed by the same principles as when involving other persons.

In *Bryan* v. *Pommert, supra,* at page 66 of 110 Ind. App., page 721 of 37 N. E. 2d, this court said:

" 'There is no basic or fundamental distinction to be drawn between the liability of a principal for the tortious act of his agent and the liability of a master for the tortious act of his servant. In both cases, the liability is grounded upon the maxim of respondeat superior, and in both cases the liability, exclusive of that which results from ratification, is to be determined by considering, from a factual standpoint, the question as to whether or not the tortious act was done while the agent or servant was acting within the scope of his employment. A distinction based upon the difference in control has been suggested, but the distinction has not been maintained by the courts of this country, which have taken agents and servants to be coextensive categories as far as the question of their control by the employer is concerned. . . . 2 Am. Jur., *Agency,* § 359, p. 278'." See also: 60 C.J.S., *Motor Vehicles,* § 434, p. 1080.

The question whether or not the driver was acting as agent for the owner, or with the owner's permission, or was about the owner's business is usually a question of fact for the jury. 6 Blashfield Auto Law, § 255.2, p. 418, (3rd Ed. 1966) ; 41 C.J.S., *Husband and Wife,* § 70, p. 547.

We are of the opinion that the evidence most favorable to the appellant is such that the question concerning whether ap-

pellee John Horvath was acting as the agent of appellee Louise Horvath and within the scope of that agency at the time of the collision in question should have been submitted to the jury and, therefore, it was error for the trial court to grant a directed verdict.

The trial court gave, over plaintiff-appellant's objection, defendant-appellee's tendered Instruction No. 7, which reads as follows:

"In these instructions, the court has several times referred to the term 'reasonable care'. The law, in cases such as this, recognizes perfection as humanly impossible. Therefore, the law requires the exercise of reasonable care under the circumstances.

"Accordingly, you should, in considering the conduct of any person here, place yourself in the position of that person at the time of the conduct being questioned and judge the conduct accordingly. You are not to use hindsight and judge conduct by what thereafter transpired, but should restrict your consideration to the situation and the person at the time the conduct or act was undertaken."

Plaintiff-appellant's objection to the giving of this instruction reads, in pertinent part, as follows:

"The plaintiff objects to the court's giving defendants' tendered instruction number seven on the grounds and for the reason that by the said instruction number seven the court advises the jury to put themselves in the positions of the parties and asks them to judge the conduct of the parties by their own position of either the plaintiff or defendant, when the juror should judge the conduct on the standard of not what they themselves think as a person in the position of either the plaintiff or defendant but the standard of conduct is to be adjudged on the criteria of what a reasonable and prudent person would do under like or similar circumstances. It also contains an abstract statement of the law in the second sentence thereof which says the law recognizes perfection as humanly impossible, and is misleading to the jury; and the instruction further does not set out that contributory negligence is not a defense available to the defendant in a suit for wilful and wanton misconduct."

Reasonable care has been defined in Indiana as that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances. *Neal. Admr.* v. *Home Builders. Inc.* (1953), 232 Ind. 160, 168, 111 N. E. 2d 280; 21 I.L.E., *Negligence,* § 7, p. 269.

This court in *Tabor* v. *Continental Baking Company* (1942), 110 Ind. App. 633, at pages 640, 641, 38 N. E. 2d 257, 259, 260, (transfer denied) in discussing the application of the reasonable man doctrine, stated:

> "Under the uniform decisions of the courts of this State, negligence consists in the failure to use due care, or ordinary care, which is measured by the care a person of reasonable prudence would ordinarily exercise under like conditions and circumstances. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, pt. 7 on p. 212, 115 N. E. 577."

Professor Prosser in his Treaties on Torts, § 32, page 154, (3rd Ed. 1964), in reference to this doctrine, stated:

> "The courts have gone to unusual pains to emphasize the abstract and hypothetical character of his mythical person. He is not to be identified with any ordinary individual, who might occasionally do unreasonable things; he is a prudent and careful man, who is always up to standard. Nor is it proper to identify him even with any member of the very jury who are to apply the standard; he is rather a personification of a community ideal of reasonable behavior, determined by the jury's social judgment.".

The test is not what the jury would have done as individuals or collectively, but what they determine the abstract reasonable prudent man would have done.

Therefore, it was error to give defendant-appellee's tendered Instruction No. 7.

Appellant next argues that the trial court also erred in giving defendant-appellee's tendered Instruction No. 21, over appellant's objection, that it was a mere accident instruction, the giving of which is reversible error since the decision in

*Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633, 5 Ind. Dec. 551.

Defendant-appellee's Instruction No. 21 reads as follows:

"Negligence alleged is not to be presumed from the mere happening of an accident. The plaintiff must establish by a fair preponderance of the evidence that the defendant, in the exercise of ordinary care, ought to have anticipated and prevented the accident."

Our Supreme Court in the *Miller* case, at page 566 of 246 Ind., at page 636 of 207 N. E. 2d, pages 555, 556 of 5 Ind. Dec., holding the giving of an instruction defining "a pure accident" reversible error, stated:

"The expression 'unavoidable accident' or 'pure accident' is not an affirmative defense and has no particular connotation in modern pleading of negligence cases. Such terminology adds nothing to the issues properly before the court or jury and as the expressions are ambiguous and particularly confusing to lay jurors their use in instructions is undersirable [sic] and unwise and any statements in prior decisions of this State construed as authorizing instructions on 'pure accident' or 'unavoidable accident' are hereby disapproved."

The case of *White* v. *Evansville American Legion Home Ass'n* (1965), 247 Ind. 69, 210 N. E. 2d 845, 846, 6 Ind. Dec. 563, 565, was reversed by our Supreme Court for the giving of an instruction:

"The law recognizes the possibility of a mere accident, . . .";

on the authority of *Miller* v. *Alvey, supra.*

In *Blanton* v. *Upchurch* (1965), 138 Ind. App. 132, 212 N. E. 2d 177, 180, 7 Ind. Dec. 227, 231, this court had before it the following instruction:

"You are instructed that the law recognizes that every injury sustained by a person does not give rise to a corresponding liability on the part of someone else; in other

words, that a person may sustain injuries as a result of unavoidable or pure accident and if you find from the evidence in this case that the injuries alleged to have been sustained by the plaintiff herein were the result of unavoidable or pure accident, then your verdict must be for the defendant."

In the *Blanton* case, Judge Smith speaking for this court, at page 140 Ind. App. 138, page 234 of 7 Ind. Dec., 182 of 212 N. E. 2d stated:

"As we interpret the decisions in the *Miller* and *White* cases, it is now reversible error to give an instruction in an action based on negligence in which instruction the term 'mere accident,' or any term of a similar nature is defined; . . . ."

The matter next appeared before this court in the following instruction: "If you find that it was a mere accident the form of your verdict may be: . . . .", in *Jones* v. *Castor* (1966), 140 Ind. App. 342, 214 N. E. 2d 180, 185, 7 Ind. Dec. 638, 645. In the *Jones* case, Judge Smith speaking for this court, stated:

"It is our opinion that the giving of instruction Number 39 permitted the jury to decide this cause of action on the theory of a 'mere accident' and, therefore, constitutes reversible error."

The refusal to give an instruction defining "mere accident" was held not error by this court in *Rust* v. *Watson* (1966), 141 Ind. App. 59, 215 N. E. 2d 42, 48, 8 Ind. Dec. 21, 33 on the authority of the *Miller* and *White* decisions of our Supreme Court.

Appellee first contends that said instruction "simply says that proof of an accident is not proof of negligence. . . . Nowhere does it say that a finding of 'pure accident' or 'mere accident' or such is not negligence." If we were to adopt appellee's argument we would review form and not substance. The fact the "mere" is not followed immedi-

ately by accident would not, in our opinion, change the meaning of the sentence to a jury.

Appellee next argues that appellant's objection to the instruction was not upon this ground. This is true. However during the trial of this cause, which ended in February, 1965, an instruction on "pure accident" or words of similar import had been approved in this State. *Miller* v. *Alvey, supra*, was decided June 3, 1965, specifically overruling those prior decisions.

Although appellant did not object to Instruction No. 21 on this specific ground he did file written objections thereto and we have condemned such instructions under similar circumstances in other cases. *Kilmer* v. *Galbreth* (1966), 139 Ind. App. 252, 218 N. E. 2d 361, 8 Ind. Dec. 703; *Jones* v. *Castor, supra,* (1966), 140 Ind. App. 342, 214 N. E. 2d 180, 7 Ind. Dec. 638; *Blanton* v. *Upchurch, supra,* (1965), 138 Ind. App. 132, 212 N. E. 2d 177, 7 Ind. Dec. 227.

Lastly, appellee argues that this instruction "clearly refers to the standard of reasonable care" and combined with other instructions of both parties "the jury was adequately and correctly instructed on all issues regarding negligence and burden of proof and preponderance of evidence."

We believe that the true purpose and intent of our Supreme Court by its decisions in the *Miller* and *White* cases was to prevent the jury from being instructed that the law of Indiana recognizes a mere accident situation. This idea can, of course, be conveyed to the jury both directly and indirectly and in many forms. It is not limited necessarily to any particular wording. It is the meaning portrayed to the jury by the words used that is controlling.

We are of the opinion that appellee's Instruction No. 21 does, in fact, convey to the jury that the law in Indiana recognizes a mere accident situation and, therefore, comes within the prohibition in the decisions set forth above, and the giving thereof by the trial court was,

therefore, reversible error. We cannot agree with appellee that since it is coupled with proper language this would cure the erroneous part nor that it can be considered only a part of the proper language.

Appellees' motion to dismiss or affirm heretofore filed herein and held in abeyance is denied.

For the above reasons this cause is reversed with instructions to grant appellant's motion for new trial.

Judgment reversed with instructions.

Carson, C. J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 811.