STRAND ET AL. *v.* PEDERSEN BROTHERS CO. ET AL.

[No. 20,476. Filed April 5, 1967. Rehearing denied May 9, 1967. Transfer denied September 13, 1967. Petition to Reconsider Denial of Transfer denied October 31, 1967.]

*Gerald A. Kamm* and *Doran, Manion, Boynton & Kamm,* of South Bend, and *Lee Boothby* and *Low & Boothby,* of Niles, Michigan, of counsel, for appellants.

*Thomas L. Murray, William J. Reinke, Bruce R. Bancroft* and *Oare, Thornburg, McGill and Deahl,* of South Bend, for appellees.

PER CURIAM.—BY DIVISION NUMBER TWO.

This appeal arises as a result of a verdict denying relief in a consolidated action brought by a husband and wife against an employer and employee for personal injuries arising out of a truck-automobile collision. A counterclaim for property damage was filed by the defendant and a verdict was returned in defendant's favor.

The facts material to a determination of the issues raised on this appeal may be summarized as follows:

On December 12, 1960, at approximately 3:45 P.M., appellants, Kenneth Strand and Lois M. Strand, husband and wife, were riding in an automobile owned by them and operated by the wife. Appellants were traveling in a westerly direction on the approach line of the Indiana Toll Road at a point near the South Bend Interchange. John W. Doyle, an employee of Pedersen Brothers Company, was driving a 1958 G.M.C. truck, owned by said employer, in a westerly direction when a collision occurred between the said vehicles at a point where the approach line and the Indiana Toll Road proper "merge."

Appellants alleged that appellees failed to exercise reasonable diligence in attempting to avoid said collision and in

driving at a rate of speed which was excessive in light of the prevailing conditions.

The appellees in their counterclaim contend that appellants failed to (1) obey the "yield the right of way" sign located at the end of the approach lane; (2) use the approach lane as an acceleration ramp; and (3) accelerate their automobile after entering the Indiana Toll Road proper.

This case was submitted to trial by a jury which resulted in a verdict for appellees on their counterclaim in the sum of $2,000.00.

Appellants filed a motion for new trial which was overruled and as a result thereof this appeal followed.

In their assignment of errors, the appellants allege that the trial court erred in overruling their motion for a new trial and in giving appellees' Instruction No. 1 which reads as follows:

"You are instructed that no insurance company is a party to this lawsuit. Further you are instructed that the question of insurance does not enter into this case and is not to be considered by you."

The appellants made a timely objection to the giving of said instruction which is as follows:

"We will object to the giving of Defendants' Instruction Number One in view of the fact there was nothing ever brought out with reference to insurance, or, on voir dire, as to any insurance company involved, and this merely goes to confuse the Jury in this case."

The appellants urge as their proposition that appellees' instruction No. 1 was erroneous and inadmissible in that it created in the jury sympathy for the appellees and thus prejudiced their right of recovery by implying that since appellees did not carry insurance, they would be solely responsible for the damages. In support of their proposition, the appellants cite two cases recently handed down by the Supreme Court of Indiana. *Miller* v. *Alvey* (1965), 246 Ind. 560, 207

N. E. 2d 633; *White* v. *Evansville American Legion Home Ass'n.* (1965), 247 Ind. 69, 210 N. E. 2d 845.

At page 637 of the *Miller* v. *Alvey, supra,* case, the Supreme Court said:

". . . evidence as to the failure of the defendant to carry insurance is likewise generally inadmissible on the ground of irrelevancy and as improperly tending to arouse sympathy for a defendant that he would personally have to pay the amount of any verdict the jury might return."

The case at bar definitely falls within the ambit of the *Miller and White, supra,* cases, thus requiring this court to hold that appellees' instruction No. 1 constitutes reversible error by creating in the jury sympathy for the appellees.

Appellees' motion to dismiss or in the alternative to affirm, which was previously held in abeyance is now denied.

The judgment of the trial court is reversed with instructions to grant appellants' motion for a new trial.

Reversed with instructions.

NOTE. Reported in 224 N. E. 2d 689.