WINOT *v.* SALTZ ET AL.

[No. 20,650. Filed June 14, 1967. No Petition for Rehearing filed.]

*David P. Varble, Jr.,* of Jeffersonville, and *Robert E. Delahanty* and *Preston L. Terry, III,* both of Louisville, Kentucky, all for appellant.

*Orbison, Rudy & O'Connor* and *Kelso & Kelso,* both of New Albany, and *Fox & Fox,* of Jeffersonville, all for appellees.

COOK, J.—This was an action for damages filed by appellant, plaintiff below, against the appellees, for personal injuries allegedly suffered as a result of an automobile collision. The facts concerning the collision are not important for purposes of this appeal.

Upon the trial of the cause, the trial court sustained motions for directed verdicts in favor of the defendants Saltz and Zoellers, upon which the court entered judgment. No appeal is before this court on the trial court's ruling on the directed verdicts.

The jury returned its verdict for the appellant and against the appellee, Harold Lovon Yoho, in the amount of $2,500.00, and judgment was entered on this verdict.

Appellant filed a timely motion for new trial, which was overruled.

From this judgment appellant brings this appeal.

Appellant urges the following specifications, included in her motion for new trial, on this appeal: 1. Error in the assessment of the amount of recovery, in this, that the amount is too small; 2. The verdict of the jury is contrary to law; 3. The verdict of the jury is not sustained by sufficient evidence; 4. Error of law occurring at the trial, as follows: (a) The court erred in giving to the jury, at the request of the defendant, each of defendant's instructions numbered 8,

9 and 13, and to the giving of each of which instructions the plaintiff duly objected within the proper time by filing written objections; 5. Plaintiff was awarded by the jury's verdict substantially less recovery than the facts and evidence showed her actual pecuniary loss to be.

Only specification number 4 (a) above, which relates to Instruction No. 9, will be considered by this court. Said instruction reads as follows:

"Ladies and gentlemen of the jury, as you may determine from my original instructions before the evidence in this case was commenced and by these final instructions, there is no issue of insurance in this case whatsoever and you must judge this case based upon the evidence and these instructions."

We consider the law regarding instructions such as the foregoing too well settled to deserve another belabored discussion. In 1965, before the trial of this cause, the Indiana Supreme Court rendered two decisions condemning such instructions and reversing the judgments appealed from where there was no evidence or any mention of insurance at the trial of the cause. See: *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633, and *White* v. *Evansville American Legion Home Ass'n* (1965), 247 Ind. 69, 210 N. E. 2d 845. See also: *Strand* v. *Pedersen Bros.* (1967), 140 Ind. App. 621, 224 N. E. 2d 689.

Since there was no mention of insurance during the trial of this cause we cannot escape the applicability of the above decisions to the appeal before us. Therefore, the judgment of the court below must be reversed.

Judgment reversed, with instructions to grant appellant's motion for new trial, as to the appellee, Harold Lovon Yoho.

Pfaff, C. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 227 N. E. 2d 175.