WILSON FREIGHT COMPANY *v.* SCHEURICH

[No. 767-A-35. Filed June 21, 1968. Rehearing denied July 8, 1968. Transfer denied September 26, 1968.]

*William E. Borror,* and *Hunt, Suedhoff & Wilks,* of Fort Wayne, for appellant.

*J. Michael O'Hara, J. A. Bruggeman,* and *Barrett, Barrett & McNagny,* of Fort Wayne, for appellee.

SMITH, J.—This appeal involves a cause of action instituted by the appellant to recover damages resulting from a collision on a public highway in which a semi-tractor-trailer unit, owned by the appellant, ran into and killed a horse owned by the appellee. The terms "horse," "colt" and "pony" were used interchangeably in the pleadings and briefs, and, therefore, in this opinion, for the purpose of clarity, the term "horse" shall include a colt or a pony.

The issues were formed by a complaint filed by the appellant herein, to which complaint appellee filed an answer in one paragraph, in affirmation and denial. Thereafter, the appellant filed a second paragraph of complaint, to which appellee filed a demurrer, which demurrer was sustained by the trial court; however, the court's ruling in sustaining the demurrer to the second paragraph of complaint is not assigned as error in this appeal.

The complaint, in substance, alleged that the collision in question occurred on U.S. Highway No. 6 in DeKalb County, Indiana, on June 15, 1965, at approximately 3:00 o'clock in

the morning; that the appellant was the owner of a certain semi-tractor-trailer unit and at the time of the collision, the same was being operated by an employee-agent of the appellant in an easterly direction on U.S. Highway No. 6 in De-Kalb County, Indiana; that the defendant was the owner of a certain horse; and that at said time and place said horse was running loose on the highway. That the plaintiff's trailer was loaded with miscellaneous freight, and that while plaintiff's semi-tractor-trailer unit was being operated as aforesaid, a collision did ensue between it and the horse owned by the defendant.

The allegations of negligence, in substance, as set forth in plaintiff's complaint, are as follows:

1. The defendant permitted his horse to run loose and unattended upon U.S. Highway No. 6.

2. The defendant failed to keep his horse confined, as required by law.

3. The defendant failed to give warning to travelers using the highway calling their attention to the fact that his horse was at large thereon during hours of darkness.

4. The defendant, although aware that his horse had propensities to wander onto the highway at night, nevertheless, in the face of such knowledge, failed to take proper safeguards and precautions to keep his horse off the highway and failed to adequately fence and maintain barriers on his property to prevent the escape of said horse.

5. The defendant failed to adequately control his horse so as to keep it off the highways.

There appears to be no dispute in the evidence as to the manner in which appellee's horse managed to get loose and wander upon U.S. Highway No. 6 at 3:00 o'clock in the morning of June 15, 1965. The evidence is undisputed that his horse was confined in a barn and in a stall therein, and

had apparently kicked off the slats at one end of the stall and, thereafter, exited through a door located at the south end of the barn, which door had in some manner been left ajar. The door on the south end of the barn led to an unfenced area immediately adjacent to a county road, which county road led directly into U.S. Highway No. 6, more than a quarter of a mile away, and upon which road the collision in question occurred. The evidence is also undisputed that the appellee had resided on the premises for approximately two years, and had at no time made any attempt to fence his land, even though he maintained the horse in question, and other animals, on his premises.

Under these undisputed facts and the allegations of negligence set forth in appellant's complaint, the main issue to be determined is whether or not the conduct of the appellee constituted actionable negligence. This was the issue submitted to the jury for its determination.

The jury returned a negative verdict in favor of appellee. Thereafter, the appellant filed a motion for a new trial, which was overruled by the trial court, and this appeal followed.

Omitting the caption, the motion for a new trial reads as follows:

"Comes now the plaintiff, Wilson Freight Company, and moves that it be granted a new trial * * * for the following reasons:

1. That the verdict is contrary to law.

2. Error of law occurring at the trial and excepted to by the plaintiff."

Appellant has posed two questions under ground No. 1 of the motion for a new trial, namely: (1) did the trial court err in giving to the jury Instruction No. 15; and (2) did the trial court err in giving to the jury Instruction No. 23?

Instruction No. 15 as tendered by the defendant and given by the court, reads as follows:

"The law permits no recovery for damages resulting from an unavoidable accident.

"You are instructed that an unavoidable accident has been defined to be an occurrence or happening which under all of the attendant circumstances and conditions could not have been foreseen or prevented by using ordinary care. *So in this case, if you find by a preponderance of the evidence that the accident was one which could not have been foreseen or prevented by either the Plaintiff or Defendant in the exercise of ordinary care, then I instruct you that this was an unavoidable accident and the Plaintiff cannot recover*". (Emphasis supplied).

The appellant raises three specific objections to the giving of Instruction No. 15, as follows:

(1) said instruction advises the jury on a theory of unavoidable accident and there is no evidence to support such a theory;

(2) said instruction is, in effect, an instruction on the theory of mere accident and such an instruction is improper under recent decisions of our courts of appeal; and

(3) said instruction advises the jury that if the collision between the horse and the tractor-trailer could not have been foreseen by the defendant, then, and in that event, the defendant would not be liable, and that this is not a correct statement of the law, since the defendant should be held responsible for all legal consequences if the horse escaped by reason of his failure to exercise ordinary care to prevent escape of the horse.

To support these objections to the giving of Instruction No. 15, the appellant has cited the cases of *Miller v. Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633; *White v. Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N. E. 2d 845; *Blanton v. Upchurch* (1965), 138 Ind. App.

132, 212 N. E. 2d 177; *Kampo Transit Incorporated v. Powers* (1965), 138 Ind. App. 141, 211 N. E. 2d 781; *Jones v. Castor* (1966), 140 Ind. App. 342, 214 N. E. 2d 180.

This court, speaking through Judge Hunter in the case of *Rust .v. Watson* (1966), 141 Ind. App. 59, 215 N. E. 2d 42, reviewed and cited the *Miller* and the *White* cases, *supra*, and stated that the refusal to give appellant's Instruction No. 34 [an instruction based on the legal concept of "mere accident"] could in no way be construed to be reversible error, for said instruction appears to be a standard instruction on the theory of "mere accident".

The appellee answers the first objection by stating that the objection rests upon the theory that there was no record evidence to support a theory of "unavoidable accident", and that this is an incorrect conclusion as the evidence admissible under the pleadings relates itself as to whether or not the collision involving said horse and tractor-trailer was an occurrence or happening which, under all of the attendant circumstances and conditions, could not have been foreseen or prevented by using ordinary care; and that nowhere in appellant's brief can be found any support for the objection that this instruction is not supported by the record evidence. That the record speaks for itself, and the question whether the record did or did not support such an instruction, was a question to be determined by the trial court.

As to the second specific objection, the appellee maintains that an instruction setting forth, therein, the legal concept of "unavoidable accident" does not amount to an instruction on "mere accident". The appellee claims that there is an inherent difference in the import of the two terms. The trial court recognized this difference by refusing to give appellee's instruction based on the legal concept of "mere" or "pure" accident.

The appellee further asserts that the appellant has cited numerous cases involving instructions which relate to the

"pure accident" or "mere accident" theory; however, in no instance have our courts of appeal been called upon to determine the correctness of an instruction based exclusively on the "unavoidable accident" theory. Therefore, all mention in the cited cases of the term "unavoidable accident" as it stands alone without a supporting "pure accident" or "mere accident" phrase, is merely dicta and is not controlling.

The appellee further urges that in order to sustain this second objection, it must be shown that an instruction which properly defines "unavoidable accident" amounts to or is the same as an instruction based on the theory of "mere accident"; and, being such, is an erroneous instruction according to the recent decisions of our courts of appeal. The appellee quotes from *Webster's New International Dictionary, Second Edition,* and sets forth the definitions of the terms "mere", "pure", and "unavoidable"; and, as defined by *Webster,* he maintains that the adjective "unavoidable" is not found to be synonymous with either "pure" or "mere" as they relate to each other.

In the opinion of *Rust v. Watson, supra,* Judge Hunter gave consideration to appellant's Instruction No. 27, which reads as follows:

> "You are instructed that an unavoidable accident has been defined to be an occurrence or happening which under all the attendant circumstances and conditions could not have been foreseen or prevented by using ordinary care. So, in this case, if you find by a preponderance of the evidence that the involved accident was one that could not have been foreseen or prevented by either the plaintiff or defendant, in the exercise of ordinary care, then I instruct you that this was an unavoidable accident and the plaintiff cannot recover."

With the exception of the first paragraph of Instruction No. 15, the language employed in Instruction No. 27 and Instruction No. 15 is identical.

In commenting on Instruction No. 27, Judge Hunter stated in substance that the giving of said instruction concerning the theory of "unavoidable accident", is at least as much or more than the appellants were entitled to under the broad theory of an accident instruction. It would therefore appear that Instruction No. 27 was not considered to be an erroneous instruction mainly for the reason that it was not strictly an instruction on the theory of "mere" or "pure" accident as used in the *Miller* and *White* cases, *supra*.

The appellee claims that Instruction No. 15 can be distinguished from any instructions which have been considered in the cases cited by the appellant, in that said instruction provides in the charge thereof:

".  .  . so in this case, *if you find by a preponderance of the evidence that the accident was one which could not have been foreseen or prevented by either the plaintiff or the defendant in the exercise of ordinary care, then I instruct you that this was an unavoidable accident, and the plaintiff cannot recover*". (Emphasis supplied).

In the *Miller, White* and *Blanton* cases, *supra,* the charging portions of the instructions under consideration provided in substance that if the damages complained of resulted from a *pure accident,* then the defendant is not liable for the damage caused thereby. In each of said cases the jury was charged with the burden of finding whether or not the damages or injuries complained of by the plaintiff resulted from a *mere or pure accident,* while Instruction No. 15 charges the jury with the determination of whether or not by a preponderance of the evidence, *the accident was one which could not have been foreseen or prevented by either the plaintiff or the defendant in the exercise of ordinary care.* The respective juries in the *Miller, White* and *Blanton* cases were called upon to determine whether the accident under consideration was a *pure or mere accident,* while the jury in the case at bar had the regular and ordinary responsibility of finding by a preponderance of the evidence if *the accident could have been*

*foreseen or prevented;* and thus the use of the term "unavoidable accident" would not have the tendency to confuse lay jurors, as they were not required to determine if the accident in question was unavoidable, but they were merely required to determine if the accident could have been foreseen and prevented by the use of ordinary care.

The appellee further answers the third specific ground of objection to Instruction No. 15 by urging that said objection is without merit as the instruction merely defines an unavoidable accident to be one which could not have been "foreseen and prevented by using ordinary care", which is the legal principle that the appellant asserted to be a correct statement of the law in its tendered Instruction No. 7, in which the appellant uses the phrase "which might be reasonably anticipated to occur". See *Indiana Service Corporation v. Johnston* (1941), 109 Ind. App. 204, 34 N. E. 2d 157.

The second question posed by the appellant under ground No. 1 of the motion for a new trial is: Did the trial court err in giving Instruction No. 23? Instruction No. 23 tendered by the defendant and given by the court, reads:

"During the questioning concerning your fitness to serve as jurors, each of you has been asked several questions. Attorneys have the right to question jurors on any point, no matter whether related to the case or not on which they desire to seek information relative to your qualifications as jurors. But as jurors you have no right whatsoever to assume or infer from any questions asked you as jurors that there is any basis in the facts in this case for asking such questions. You are to try this case exactly and upon the issues formed by Plaintiff's complaint, Defendant's answer thereto. You are to determine solely from the law as stated in these instructions and from the evidence introduced in this case the rights of the parties hereto."

To this instruction the plaintiff objected as follows:

"Lastly, the plaintiff objects to the giving of Defendant's tendered instruction No. 23 by the Court, *for the*

*reason that said instruction by implication informs the jury that there was no insurance involved in this litigation, contrary to the fact, and is an attempt to inform the jury of an erroneous fact to prejudice this plaintiff and its right to recover".* (Emphasis supplied).

In support of this contention the appellant has cited the cases of *White v. Evansville American Legion Home Association* (1965), 246 Ind. 69, 210 N. E. 2d 845; *Miller v. Alvey, supra; Strand v. Pedersen Brothers Company* (1967), 140 Ind. App. 621, 224 N. E. 2d 689; and *Winot v. Saltz* (1967), 141 Ind. App. 226, 227 N. E. 2d 175.

The appellant claims that Instruction No. 23 was tendered for no other purpose than to create sympathy for the appellee in the eyes of the jury by inferring that the appellee was not insured, the instruction being so worded that it could have no other purpose.

In answer to this contention of the appellant, the appellee asserts that the instruction does not mention insurance, it merely advises the jury that questions asked them during their voir dire examination were intended to determine their fitness to serve as jurors and not to give them information outside of the record; and that the instruction merely informed the jury that they were to try the case upon the issues formed by the pleadings and the evidence submitted to them. The appellee insists that the appellant cannot complain of the giving of said instruction in view of the fact the court gave, at the request of the appellant, Instruction No. 13, which reads as follows:

"In your deliberation in this case you should not permit yourselves to be influenced by sympathy for either party, but in reaching [sic] a verdict you should be governed by the law and the evidence, and these two things alone. The fact that one of the parties is an individual, and the other party is a corporation must have no influence whatever upon the jury in reaching a verdict. The case must be tried precisely as it would be if it were a controversy between individuals equal in all things. The

jury cannot entertain any speculation as to wealth on the part of either of the parties. It is the duty of the jury to try the case upon the evidence that has been submitted and upon the law as received from the court putting aside all other considerations."

The appellee further urges that it appears from the tenor of appellant's argument that appellant's counsel made improper inquiries about insurance during the voir dire examination of the jury. If such is true, the appellee is entitled to have the jury instructed to remedy the harm done. *Highshew v. Kushto* (1956), 126 Ind. App. 584, 131 N. E. 2d 652. (Reh. den. 133 N. E. 2d 76. Tran. den. 134 N. E. 2d 555.)

In summation, it is our opinion that the provision of Instruction No. 15 to the effect that if the jury finds by a preponderance of the evidence that the "accident was one which could not have been foreseen or prevented by either the plaintiff or the defendant in the exercise of ordinary care the plaintiff cannot recover", is a correct statement of the law of negligence and the fact that such an accident was defined in the instruction as being an "unavoidable accident" does not in the least cause such an instruction to be incompatible with the principles of tort law imposing liability on all persons who fail to exercise ordinary or reasonable care. It is difficult for this court to see how the appellant was harmed or prejudiced when the court charged the jury with a correct statement of the law. Instruction No. 15 merely stated that if the jury found by a preponderance of the evidence that the accident was one which could not have been foreseen or prevented by either the appellant or the appellee in the exercise of ordinary care, the appellant cannot recover. The instruction correctly defines one of the principles of the law of negligence and is not objectionable as claimed by the appellant—the issue involving this principle of the law of negligence is one which the trial court, in Instruction No. 15, charged the jury to determine,

and, upon any re-trial of this cause, is an issue that the jury would be called upon to determine. Therefore, it is our opinion that the trial court did not commit reversible error in submitting to the jury Instruction No. 15.

We recognize and are in accord with the decisions of the recent cases decided by our courts of appeal which hold in substance that the giving of an instruction on the theory of "pure" or "mere" accident is repugnant to the general principles of the law of negligence. This opinion is not to be considered as a reversal of any of these cases.

It is further our opinion that the giving of Instruction No. 23 does not constitute reversible error because said instruction merely correctly advises the jury that questions asked them during their voir dire examination were intended only to determine their fitness to serve as jurors and were not intended to give them information outside of the record. Said instruction merely informed the jury that they were to try the case upon the issues formed by the pleadings and the evidence submitted to them; and the giving of the same does not constitute reversible error.

Judgment affirmed.

Cook, P.J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 25.