QUALLS ET UX. *v.* J. C. PENNEY COMPANY.

[Nos. 368A37 & 368A38 (Consolidated). Filed April 1, 1969. Rehearing denied May 7, 1969. Transfer denied July 23, 1969.]

*Richard H. Crokin,* of Indianapolis, and *Noble J. McClure,* of counsel, of Indianapolis, for appellants.

*Robert C. Riddell,* of Indianapolis, for appellee.

PER CURIAM—Appellant, Virginia Agnes Qualls, brought an action against appellee, J. C. Penney Company, for damages for personal injuries allegedly resulting from and sustained by appellant in a fall on an escalator owned and operated by appellee. Appellant, Delbert D. Qualls, also brought an action against the appellee for medical expenses and loss of services allegedly caused by and arising out of the same accident. Upon appellee's motion, appellants' separate causes of action were consolidated for trial.

Trial was had by jury, which resulted in a verdict in appellee's favor. Appellants filed a motion for new trial, which was subsequently overruled, and they now assign as error the overruling of said motion.

The evidence discloses that on January 23, 1964, at approximately 7:55 p.m., appellant, Virginia Agnes Qualls, was shopping in appellee's store and while going from the second floor to the first floor stepped on the escalator and slipped and fell, thereby sustaining the injuries complained of. The appellant testified that she had stepped on a slippery spot on the escalator.

Appellants' first specification of error is that the trial court erred in giving, over objection, appellee's Instruction No. 2. The instruction reads as follows:

"The law recognizes that persons may be injured or may die and that property may be damaged in an occurrence without there being fault or negligence on the part of anyone. In such a situation the occurrence is termed an accident.

"If you should find by the greater weight of all the evidence that the occurrence sued upon here was an accident, then there would be no right of recovery by the plaintiff,

Virginia Agnes Qualls, against this defendant and your verdict must be for the defendant, J. C. Penney Company."

Appellants allege that although the words "mere" or "pure" are not specifically used to describe the word "accident" in the above quoted instruction, the instruction as given constitutes a mere or pure accident instruction and, as such, the giving of said instruction constituted reversible error. Appellants argue that the use of the word "accident" alone prejudiced the jury because descriptive words such as "mere" and "pure" are superfluous and add nothing to instructions.

In *Miller v. Alvey* (1965), 246 Ind. 560, 565, 207 N. E. 2d 633, the Supreme Court of Indiana stated:

"What is the meaning of the term 'accident'? Webster's Third New International Dictionary (p. 11), defines it *inter alia* as 'a usually sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result (a traffic accident in which several persons were injured).' It is thus readily apparent that the word 'accident' does not necessarily preclude fault or negligence. The term is susceptible of different meanings and constructions and to tell a jury there is no liability in case of 'unavoidable accident' or 'pure accident' i.e., an unintentional careless, or unknown occurrence, is misleading and confusing to say the least, and is not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care.

"In fact the term 'unavoidable accident' appears to be an obsolete relic or remnant carrying over from a time when damages could be recovered in an action for trespass and strict liability imposed unless the defendant proved the injury was caused by an 'inevitable or unavoidable accident.' 'Unavoidable accident' was then an affirmative defense to be pleaded and proved by the defendant. See: 2 Harper & James, The Law of Torts (1956), § 12.2, p. 747 *et seq.; Butigan v. Yellow Cab Co.* (1958), *supra,* 49 Cal. 2d 652, 657, 320 P. 2d 500, 504, 65 A. L. R. 2d 1."

Our Supreme Court reaffirmed the position taken in *Miller v. Alvey, supra,* in *White, v. Evansville American Legion*

*Home Association* (1965), 247 Ind. 69, 70, 210 N. E. 2d 845, wherein it stated:

> "Appellant contends error was committed in the giving over objection of instruction No. 5 which was as follows:
>
> " 'The law recognizes the possibility of a mere accident, that is, an occurrence which is no way due to the negligence of any one. Therefore, if you find from the evidence that the injuries complained of by the plaintiff in this case were the result of a mere accident, there can be no recovery by the plaintiff Anna Mary White.'
>
> "In our recent opinion in the case of *Miller v. Alvey* (1965), 246 Ind. page 560, 207 N. E. 2d 633, we had before us an instruction on pure accident, the giving of which we held to be reversible error.
>
> "It has been argued we held in *Miller v. Alvey, supra,* that an instruction on 'pure accident' or 'unavoidable accident' was proper if there was evidence to support such an instruction. That construction is completely at variance with a careful reading of our opinion in which we pointed out that the expressions 'pure accident' or 'unavoidable accident' had no particular connotation in modern pleading of negligence cases, that such expressions were ambiguous and confusing to lay jurors, their use in instructions was undesirable and unwise, and we disapproved any statements in prior decisions which could be construed to the contrary. Consistent with *Miller v. Alvey,* we must hold it was error for the court to give instruction No. 5."

In *Rust v. Watson* (1966), 141 Ind. App. 59, 215 N. E. 2d 42, 217 N. E. 2d 859 (Transfer denied), the court stated at pages 48 and 49 of 215 N. E. 2d as follows:

> "Appellants' Instruction No. 34 which was refused provided:
>
> " 'I instruct you that the laws of the State of Indiana recognize the possibility of a mere accident, that is, an occurrence which is in no way due to the fault or negligence of anyone.
>
> " 'The happening of a mere accident, resulting in injury cannot support a verdict for damages. Therefore, if you find that the injury or damage suffered by the plaintiff,

Ida May Watson, were the result of a mere accident, then there can be no recovery by the plaintiff and it will be your duty to return a verdict for the defendants, . . . .'

"This matter was fully discussed in appellants' Instruction No. 27 which was given and reads as follows:

" 'You are instructed that an unavoidable accident has been defined to be an occurrence or happening as under all the attendant circumstances and conditions could not have been foreseen or prevented by using ordinary care. So, in this case, if you find by a preponderance of the evidence that the involved accident was one that could not have been foreseen or prevented by either plaintiff or defendant, in the exercise of ordinary care, then I instruct you that this was an unavoidable accident, and plaintiff cannot recover.'

"It should be noted that Instruction No. 34 tendered by the appellant and refused by the court appears to be a standard instruction on the 'mere accident' theory. Similar instructions had been upheld by this court and the Supreme Court prior to the cases of *Miller v. Alvey* (1965), Ind., 207 N. E. 2d 633, and *White v. Evansville American Legion Home Ass'n.* (1965), Ind., 210 N. E. 2d 845. In view of the latter two decisions, it appears to this court that the appellants' Instruction No. 27 concerning the proposition of 'unavoidable accident' which was given by the court is *at least as much or more* than the appellants were entitled to under the broad theory of 'accident instructions.' Therefore, we hold that the refusal to give the appellants' Instruction No. 34 could in no way be construed to be reversible error."

Judge Hunter, in speaking of the *Rust v. Watson* decision, stated in his concurring opinion to a denial of appellant's petition to transfer in *Wilson Freight Co. v. Scheurich* (1968), 143 Ind. 53, 238 N. E. 2d 25, 241 N. E. 2d 142, as follows:

"I concur in the denial of the petition to transfer in this case as I do not feel that either instruction in issue so prejudiced the appellant as to constitute reversible error.

"But I do want to point out that Instruction No. 15, as worded, discussing and defining the possibility of there being an 'unavoidable accident,' is probably not a proper

instruction in the case at bar under the laws of this state. The opinion in *Rust v. Watson* (1966), Ind. App., 215 N. E. 2d 42, was relied upon by the Appellate Court in approving this instruction. In *Rust*, the court held that a similarly worded instruction was *'at least as much or more'* than the defendants were entitled to under the broad theory of accident instructions. This was said in the context of affirming the trial court's refusal of another of the defendants' requested instructions which was essentially an instruction based on the possibility of a 'mere accident,' and it should be noted *this refusal did not constitute reversible error* as related to the *facts* of that case. The court did not mean to necessarily approve an instruction based on the possibility of an 'unavoidable accident' and, to this extent, the opinion in *Rust* has been misconstrued by the Appellate Court."

In *Pierce v. Horvath* (1968), 142 Ind. App. 278, 233 N. E. 2d 811, 815, 817 (transfer denied), the court, relying on the above cited authorities, stated :

"Appellant next argues that the trial court also erred in giving defendant-appellee's tendered Instruction No. 21, over appellant's objection, that it was a mere accident instruction, the giving of which is reversible error since the decision in *Miller v. Alvey* (1965), Ind., 207 N. E. 2d 633.

"Defendant-appellee's Instruction No. 21 reads as follows:

" 'Negligence alleged is not to be presumed from the mere happening of an accident. The plaintiff must establish by a fair preponderance of the evidence that the defendant, in the exercise of ordinary care, ought to have anticipated and prevented the accident.'

"...

"We believe that the true purpose and intent of our Supreme Court by its decisions in the *Miller* and *White* cases was to prevent the jury from being instructed that the law of Indiana recognizes a mere accident situation. This idea can, of course, be conveyed to the jury both directly and indirectly and in many forms. It is not limited necessarily to any particular wording. It is the meaning portrayed to the jury by the words used that is controlling.

"We are of the opinion that appellee's Instruction No. 21 does, in fact, convey to the jury that the law of Indiana recognizes a mere accident situation and, therefore, comes

within the prohibition in the decisions set forth above, and the giving thereof by the trial court was therefore reversible error. We cannot agree with appellee that since it is coupled with proper language this would cure the erroneous part nor that it can be considered only a part of the proper language."

As we interpret the above cited authorities, it is reversible error to give an instruction in which is incorporated the phrases "mere accident", "unavoidable accident", "pure accident", or any form or phrase regardless of form which directly or indirectly conveys to the jury a mere accident situation.

In the case at bar, appellee, while recognizing that mere, pure and unavoidable accident instructions have been disapproved by the Indiana courts, contends that the instruction in question does not fall within the ambit of the aforementioned prohibition because it does not contain the words "mere", "pure" or "unavoidable".

In *Miller v. Alvey, supra,* our Supreme Court recognized that the word "accident" is susceptible to different meanings and implications when it stated at page 565 of 246 Ind. as follows:

"The term is susceptible of different meanings and constructions and to tell a jury there is no liability in case of 'unavoidable accident' or 'pure accident' i.e., an unintentional, careless, or unknown occurrence, is misleading and confusing to say the least, and is not compatible with the principles of tort law imposing liability on persons who fail to exercise ordinary or reasonable care."

In the opinion of this court, the use of the word "accident" in appellee's Instruction No. 2 is more misleading and confusing than the wording used in the instructions which has been disapproved by our courts in the above cited cases.

Appellee's motion to dismiss or in the alternative to affirm, which was previously held in abeyance, is now denied.

For the reasons above given, the judgment in this cause is hereby reversed as to the appellant, Virginia Agnes Qualls, with instructions to grant said appellant's motion for new trial. The judgment as to appellant, Delbert D. Qualls, is hereby affirmed.

Costs shall be taxed fifty per cent. (50%) against appellants and fifty per cent. (50%) against appellee, pursuant to the provisions of Burns' Ind. Stat. Ann., § 2-3237.

White, J., dissents with opinion.

### DISSENTING OPINION

WHITE, J.—Since I find myself in general agreement with the court's opinion on the merit (or demerit) of appellee's Instruction No. 2, I am reluctant to dissent. However, I cannot bring myself to the conclusion that a new trial should be ordered.

First of all, only a part of the evidence was brought to this court. I have not been shown enough to tell me whether either plaintiff made a prima facie case. The giving of the instruction could hardly be prejudicial to either appellant, no matter how erroneous, if neither were entitled to recover in any event.

Secondly, I am not satisfied that the trial court was given an adequate opportunity to discover whatever may be wrong with appellee's Instruction No. 2. Here is what occurred by way of objection to that instruction:

> "*Mr. Crokin:* The Plaintiff will object to Defendant's tendered instruction number two in the Virginia Agnes Qualls case; and these will all be on the Virginia Agnes Qualls case, all of our objections; instruction number two on the grounds that it amounts to a mere accident instruction, and that there is no need to instruct the jury on mere accident and it is error to do so.
>
> "Plaintiff also objects to Defendant's instruction number . . .

"*The Court:* Did you say number two? Defendant's instruc . . . uh, oh, Virginia Qualls you said, didn't you?

"*Mr. Crokin:* Virginia Qualls, yes. Uh, if the Court please, we have, I don't believe, any objections to any of the instructions on the other case, on the Delbert.

"*The Court:* As to Delbert, all right."

At oral argument, appellants' counsel says it was his intention to object on behalf of both appellants, since the two cases were being tried together. However, he used the expression "in the Virginia Agnes Quall's case". Because the instruction was tendered only in that case and was "No. 2" only in that case. His objection, however, is quite easily understood as an objection by Mrs. Qualls alone and not an objection by Mr. Qualls.

The reason for the objection is even more ambiguous, or obscure, than whether one plaintiff or two plaintiffs were objecting. In my opinion the interpretation most favorable to appellants which the trial court could have put on the words ". . . it amounts to a mere accident instruction" would have been that those words were the equivalent of saying: "This instruction is objectionable for the same reason that the mere accident instruction in *White v. Evansville American Legion Home Association,* 247 Ind. 69, 70, 210 N. E. 2d 845 (1965), was held objectionable." And perhaps if appellant had actually said that, citing the case, the trial judge may have had a duty to read the Supreme Court's opinion before ruling on the objection. If he had that duty, he may have been in error in overruling the objection.

But if we are required to interpret the objection most favorable to appellee and the trial judge, I would say that the objection was patently unfounded because the instruction contained no word modifying "accident", no word which was the equivalent of "mere" and did not, therefore, amount to a mere accident instruction. Furthermore, the objection did not tell the trial judge why a mere accident instruction was objectionable.

It has often been suggested by learned critics that courts at the appellate level often construe too narrowly the requirement that error be preserved by timely and adequate objection. Such criticism is actually a criticism of the adversary and advocate system and often underestimates the pressures and time limitations under which trial judges must operate. The assistance of trial counsel is essential to the orderly and efficient administration of justice in our system of justice.

Nevertheless, were the record such that it showed more than a mere possibility that a miscarriage of justice had occurred in the trial court, I would vote to reverse. And if I were thus able to resolve the ambiguity of the objection in favor of the appellant wife, I would also resolve it in favor of the appellant husband and reverse for him as well.

In my opinion appellee's instruction No. 5[1] is a correct statement of the law and is applicable to the case and is not in conflict with appellants' instruction No. 2.[2]

---

1. "The mere fact, if you find such to be the fact, that there was some foreign substance on the step of the escalator where Virginia Agnes Qualls fell does not of itself establish that the defendant was negligent. You must further find before you would find the defendant negligent that such foreign substance has been on such step for such a length of time and that such substance was reasonably obvious for such length of time that a reasonable shopkeeper should have known of its presence and made reasonable efforts to make the condition created by the foreign substance reasonably safe." (Tr. p. 153.)

2. "You are instructed that if the plaintiff Virginia Qualls, was shopping in defendant's store, and in the course of her shopping she had occasion to use the esclator (sic) in defendant's store, then at the time she stepped upon that escalator for the purpose of being transported from one floor to another, she became a passenger on the escalator, and defendant then owed to her the same legal obligations as does any other common carrier of passengers, such as a railroad or bus line.

"Specifically, the duty owed by the common carrier of passengers toward its passengers is to keep its equipment in safe operating condition, and to take every reasonable precaution to make its conveyance safe, consistant with the practical operation of its business.

"This duty clearly contemplates that the moving machinery, used in the business of transporting passengers, should be at all times under the control of competent employees.

"And if you find that Mrs. Qualls suffered an injury while she was a passenger on defendant's excalator (sic), and that her injury was proximately caused by defendant's failure to live up to the above described legal duties and obligations that it had toward her, then, unless you also find that Mrs. Qualls injuries were also proximately caused

The escalator could have been "at all times under the control of competent employees" without each escalator step being under constant surveillance for the detection of a foreign substance or of a regurgitating rider.

As to appellants' tendered instruction No. 4[3] which was refused by the court, we do not know, in the absence of all the evidence, whether the failure to produce presumably favorable witnesses was satisfactorily explained. In fact, we cannot even know that they were not produced.

I would affirm both judgments.

NOTE.—Reported in 245 N. E. 2d 860.

by some failure on her part to act as a reasonable prudent person under the circumstances, then your verdict should be for the Plaintiffs." (Tr. p. 166.)

3. "Where a party has the power and opportunity of producing evidence of a witness or witnesses presumably friendly to him whose testimony would or could explain the transaction or enlighten the Court or Jury, then a failure to produce such evidence or witnesses or to make any effort to do so, entitles you to presume that such evidence or witnesses if produced would be unfavorable to the party or his position." (Tr. p. 168.)