MARILYN J. CONLEY *v.* JEANNENE J. LOTHAMER.

[No. 471A73. Filed December 23, 1971.
Rehearing denied January 25, 1972.]

*Robert L. Thompson, James R. Solomon, Hoffman, Moppert, Solomon & Miller,* of counsel, of Fort Wayne, *Winslow Van Horne, Van Horne & Van Horne,* of counsel, of Auburn, for appellant.

*Thomas W. Yoder, Edward L. Murphy, Jr., Livingston, Dildine, Haynie & Yoder,* of counsel, of Fort Wayne, for appellee.

SULLIVAN, P. J.—The action below was brought to recover damages for personal injuries sustained by plaintiff-appellant while riding as a fare-paying passenger in defendants-appellee's automobile. It was tried before a jury, and judgment was entered up on a verdict for defendant-appellee.

The pertinent facts are as follows:

In the fall of 1968, plaintiff-appellant obtained employment at Sheller-Globe Manufacturing Company located in Grabill, Indiana. In order to obtain transportation to and from work each day, plaintiff-appellant obtained a list of other Sheller-Globe employees who lived in her hometown, St. Joe, Indiana. From this list she selected defendant-appellee's name. Subsequently, an agreement was reached between the two parties whereby plaintiff-appellant agreed to compensate defendant-appellee at the rate of fifty cents per day for round-trip transportation.

On February 6, 1969, the day of the accident, it was snowing. Shortly after 3:00 p.m., the parties began the return trip from work to St. Joe. By this time the snowing had diminished and had begun to turn to slush. The record substantiates that the road was quite slick in spots.

The incident in question occurred on State Road No. 1 in the vicinity of its intersection with County Road No. 64 near Spencerville, Indiana. Plaintiff-appellant testified that the posted speed limit on State Road No. 1 was 60 miles per hour, and admitted to the best of her knowledge that defendant-appellee operated her automobile within the speed limits at all times.

The curve on which the accident took place had an advisory sign warning against speed over 50 miles per hour. The record shows that defendant-appellee approached the curve at approximately 45 miles per hour and, while negotiating it, hit a slick spot, slid off the road and hit a utility pole. As a consequence, plaintiff-appellant sustained a moderately severe fracture dislocation of the cervical vertebrae requiring hospitalization for three months. She was not permitted by her doctor to return to work until January 15, 1970.

### NO QUESTION RAISED ON APPEAL BY ASSIGNING ERROR WHEN ISSUES ARE NOT PRESENTED IN ARGUMENT SECTION OF APPELLANT'S BRIEF

It is well-settled law in this state both under the new Rules of Procedure and prior law that specifications of error raised on appeal shall be set forth in the argument section of appellant's brief. Rule AP. 8.3(A)(7); *Hambey* v. *Hill* (1971), 148 Ind. App. 662, 269 N. E. 2d 394. Plaintiff-appellant assigned four specifications in her Motion to Correct Error but has here argued only two. The remaining issues are thus waived.

### NO ERROR PRESERVED WITH REFERENCE TO PLAINTIF-APPELLANT'S OBJECTION TO "UNAVOIDABLE ACCIDENT" INSTRUCTION

Plaintiff-appellant assigns as error the giving of Instruction No. 2 tendered by defendant which reads as follows:

" 'The law permits no recovery for damages resulting from an unavoidable accident.

You are instructed that an unavoidable accident has been defined to be an occurrence or happening which under all of the attendant circumstances and conditions could not have been foreseen or prevented by using ordinary care. So in this case, if you find by a preponderance of the evidence that the accident in question was one which could not have been foreseen or prevented by the defendant, Jeannene J. Lothamer, in the exercise of ordinary care, then you may find that this was an unavoidable accident.' "

Plaintiff made the following objection:

"Plaintiff objects to defendant's tendered instruction No. 2 for the reason that there is no evidence to which said instruction would be applicable."

We agree with plaintiff-appellant's contention that it has been consistently held improper for the court to tender a "pure accident" or "unavoidable accident" instruction to the jury. Such expressions do not connote affirmative defenses, and can serve no other purpose than to confuse the jurors. *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. 2d 633; *Qualls* v. *J. C. Penney Co.* (1969), 144 Ind. App. 276, 245 N. E. 2d 860.

In the instant case, while recognizing that such an instruction normally constitutes ground for reversal if the error is preserved, we cannot reverse here for the reason that plaintiff-appellant failed to object properly under the mandate of Trial Rule 51 (c), which requires that an objection must clearly indicate the grounds upon which the objection is based as well as the subject matter pertaining thereto. Thus, no question is presented for this court to determine in connection with the merits of the "unavoidable accident" instruction.

Plaintiff-appellant argues that *Wilson Freight Co.* v. *Scheurich* (1968), 143 Ind. App. 53, 238 N. E. 2d 25 (transfer denied 241 N. E. 2d 142), sustains the merit of her objection.

The language relied upon by plaintiff-appellant appears in a concurring opinion denying transfer. That case as decided by the Appellate Court held an "unavoidable accident" instruction to be not improper by reason of the particular phrasing used which: "would not have the tendency to confuse lay jurors, as they were not required to determine if the accident in question was unavoidable, but they were merely required to determine if the accident could have been foreseen and prevented by the use of ordinary care." 143 Ind. App. 53, 61. Upon transfer, the opinion concurring in the denial of transfer, by a two-line order, merely stated that the Appellate Court had misconstrued an earlier decision and the two concurrers recited a belief that: "there are factual situations which might possibly require the submission of a *proper* instruction on 'unavoidable accident' if the evidence in a given case would warrant its submission." 241 N. E. 2d 142, 143. This obiter dictum in no way concerns the propriety of a general objection, nor does it speak to the preservative nature of an objection allegedly specific enough to meet the requirements of Trial Rule 51 (c) merely because it makes reference to the evidence before the court.[1]

Plaintiff-appellant further argues that this court in *Qualls* v. *J. C. Penney Co., supra,* voiced its approval of an objection to an "unavoidable accident" instruction which, she claims, was no more specific than the one before us. The objection there read as follows:

"The Plaintiff will object to Defendant's tendered instruction number two in the Virginia Agnes Qualls case; and these will all be on the Virginia Agnes Qualls case, all of our objections; instruction number two on the grounds that it amounts to a *mere accident instruction, and that there is*

---

1. The objections to the "unavoidable accident" instruction in the *Wilson Freight Co.* case attacked the instruction not only upon the "no evidence to support" basis but as well for the specifically stated reason that: "said instruction is, in effect, an instruction on the theory of mere accident and such an instruction is improper under recent decisions of our courts of appeal." 143 Ind. App. 53, 57.

*no need to instruct the jury on mere accident and it is error to do so.* (Emphasis supplied) 245 N. E. 2d at 864.

We cannot agree with plaintiff-appellant. In *Qualls,* the appellee did not question the sufficiency of appellant's objection but rather contended that the instruction did not fall within the ambit of the prohibition against "mere," "unavoidable" or "pure accident" instructions because it did not contain the word "pure" or "mere" or "unavoidable." The court summarily dismissed such contention, and in our minds did so correctly. Plaintiff-appellant herein contends that the opinion in *Qualls* failed to comment on the adequacy of the objection only because of its preoccupation with condemning any sort of "accident" instructions. Be that as it may, the objection there specifically called attention to the "mere" or "pure accident" nature of the instruction, and, in addition, contained language to the effect that it was error to give the same. It thus differed materially from the objection made by appellant here. See *Echterling* v. *Jack Gray Transport, Inc.* (1971), 148 Ind. App. 415, 267 N. E. 2d 198, at 204.

The purpose of Trial Rule 51(c) is to protect the trial court from inadvertent error. Although a painful elaboration of the grounds for objecting should not be required by the trial judge, the objection must be meaningful enough to raise the veil disclosing error. It is our opinion that plaintiff-appellant has failed to meet the requirement of Trial Rule 51(c) by her failure to make even casual reference to the "unavoidable accident" nature of the instruction. Her objection, therefore, was properly overruled.

Insofar as the applicability of the substance of the instruction is not supported by evidence, as plaintiff-appellant's objection states, suffice it to say that such inapplicability is not argued by appellant in her brief and such objection is therefore waived. Rule AP. 8.3(A)(7).

## TRIAL COURT DID NOT ERR IN GIVING INSTRUCTION INVOLVING CONCEPT OF "INSURER"

Plaintiff-appellant urges us that the trial court erred in overruling her objection to defendant-appellee's tendered Instruction No. 1, which reads as follows:

> "You are instructed that while defendant, Jeannene J. Lothamer, was required to exercise ordinary and reasonable care for the safety of plaintiff, she was not an insurer of plaintiff's safety."

Plaintiff objected as follows:

> "Plaintiff objects to Defendant's tendered instruction number 1 for each of the following reasons:
> 1. No contention has been made in this case that the Defendant was an insurer of the Plaintiff's safety and no such contention was listed or stated in the pre-trial order and no such issue was tendered either in the pre-trial order or otherwise at any point in this case and said instruction is completely irrelevant and immaterial to this case.
> 2. The Court has herein stated the basis of liability as being that of reasonable prudence and the interjection of the concept of an insurer is confusing and will confuse the jurors."

Defendant-appellee contends there was no intimation or suggestion made at the trial that the instruction in issue told the jury by implication that defendant-appellee is not covered by liability insurance, as plaintiff-appellant now argues in her brief. We agree with defendant-appellee's position, and for the reasons stated above regarding Trial Rule 51(c), hold that this argument was not properly preserved below.

It is the opinion of this court, however, that an instruction which makes use of the concept "insurer" is not advisable. To be sure, such an instruction has been deemed a proper explanation of the limits of a defendant's duty to exercise a particular standard of conduct, i.e., reasonable care. *Northern Ind. Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905; *Swallow Coach Lines, Inc.* v. *Cosgrove*

(1938), 214 Ind. 532, 15 N. E. 2d 92.[2] To the trained legal mind, the word "insurer" is readily understood in its variant uses and of itself does not import the presence or absence of liability insurance. Nor would members of the legal profession construe the word as contained in the instruction before us as a dilution of the standard of reasonable care. Rather, the clear and obvious import of such an instruction is that a defendant is not required to make automobile collisions impossible. Human beings lack the omnipotence required for such a task. On the other hand, we must recognize the possible misconception which the word "insurer" might create in the minds of laymen serving as jurors. It is upon the basis of this caveat that we recommend the avoidance of the word "insurer" in jury instructions.

The judgment of the DeKalb Circuit Court is hereby affirmed.

Buchanan, Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 602.

2. In *Chase* v. *Settles* (1970), 148 Ind. App. 259, 265 N. E. 2d 57, this court made use of the word "insurer" to explain the effect of an instruction. The instruction itself, however, did not contain the word here questioned.